CÁMARA DE COMERCIO DE PUERTO RICO, peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 102.—*Sometido:* Mayo 9, 1947. *Resuelto:* Junio 9, 1947.

---

428

*Luis Villaronga,* abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández* y *Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La única cuestión a ser determinada en este recurso es si la peticionaria Cámara de Comercio de Puerto Rico viene obligada o no a pagar contribuciones sobre el edificio de su propiedad situado en la calle Tetuán de esta ciudad. Según la prueba aportada ante el Tribunal de Contribuciones de

Puerto Rico el referido edificio fué adquirido por la peticionaria en 23 de junio de 1939. El Tesorero insiste en que toda vez que la planta baja del mismo ha sido cedida en arrendamiento casi en su totalidad a tres entidades distintas y éstas pagan cánones de arrendamiento por el uso de sus respectivos locales, la Cámara de Comercio de Puerto Rico no puede acogerse a la exención contributiva a que hace referencia el artículo 291(e) del Código Político de Puerto Rico.

La peticionaria solicitó reconsideración de la imposición contributiva notificádale por el Tesorero de Puerto Rico y al ser denegada la reconsideración ella acudió al Tribunal de Contribuciones. Éste declaró sin lugar la querella y contra la resolución dictada ella instó el presente recurso.

 El artículo 291(e) del Código Político, según fué enmendado por la Ley núm. 12 de 23 de agosto de 1933 (Primera Legislatura Extraordinaria, pág. 73), reza en lo pertinente así:

"Art. 291.—Estarán exentas de tributación para la imposición de contribuciones las propiedades siguientes:

"(e) . . . . todo edificio, incluyendo el equipo y mobiliario dentro del mismo, que sea propiedad absoluta de una asociación que no tenga por objeto un beneficio pecuniario, y que sea utilizado y destinado exclusiva y totalmente, para organizaciones del trabajo, centro de recreo, esparcimiento y cultura y trato social y que mantenga permanentemente un gabinete de lectura de periódicos, magazines y folletos y de prensa ilustrada en general, así nacional como extranjera; . . . siempre que tales terrenos y edificios no sean arrendados ni utilizados de otra manera con el fin de que produzcan un beneficio pecuniario, ya al arrendador ya al arrendatario."

A los fines de esta opinión admitiremos que la Cámara de Comercio es una asociación que no tiene por objeto un beneficio pecuniario y que ella es dueña de un edificio utilizado y destinado *parcialmente* para organizaciones del trabajo, centro de recreo, esparcimiento y cultura y trato social y que mantiene allí permanentemente un gabinete de lectura de periódicos, magazines y folletos y de prensa ilustrada en

general, así nacional como extranjera. Es decir a los fines de esta opinión estamos dando por sentado que la Cámara de Comercio cumple estrictamente con el contexto citado del artículo 291(e) del Código Político, a excepción de aquella parte del mismo que provee que el edificio ha de ser utilizado y destinado exclusiva y totalmente para los propósitos allí indicados.

Las exenciones contributivas deben siempre interpretarse restrictivamente en contra de la persona o personas que alegan tener derecho a la exención. *National Hats Co.* v. *Sancho, Tes.*, 65 D.P.R. 241, 244; *Puerto Rico Ilustrado* v. *Buscaglia, Tes.*, 64 D.P.R. 914, 918 y casos en ellos citados.

En el artículo 291(e) se provee de manera palmaria y taxativa que para que el edificio perteneciente a una asociación que no tenga por objeto un beneficio pecuniario pueda disfrutar de la exención, en adición a cumplirse con los demás requisitos allí mencionados, ha de ser destinado *exclusiva y totalmente* para los fines allí determinados. Conforme se ha visto, el artículo termina proveyendo que la exención se disfrutará "siempre que tales terrenos y edificios no sean arrendados ni utilizados de otra manera con el fin de que produzcan un beneficio pecuniario, ya al arrendador ya al arrendatario."

En el caso que está ante nuestra consideración, dada la prueba aducida por la propia peticionaria, demostrativa de que la planta baja de su edificio está alquilada a tres entidades distintas y de que éstas pagan cánones de arrendamientos ascendentes en total a $265 mensuales, no estamos convencidos de que dicho edificio sea exclusiva y totalmente utilizado para los fines indicados en el estatuto, así como tampoco de que dicho edificio al ser arrendado no produce un beneficio pecuniario, ya al arrendador ya al arrendatario.

Las palabras *exclusivamente* y *totalmente* han sido definidas por el Diccionario de la Lengua Española, Décimasexta Edición, 1939, del modo siguiente:

*"Exclusivamente.* Adv. m. Con exclusión, sola, únicamente.*"* (Pág. 575).

*"Totalmente,* adv. m. Enteramente, del todo.*"* (Pág. 1234.)

En el texto inglés del referido artículo se usan las palabras *"exclusively and wholly"* como equivalentes de exclusiva y totalmente.

Sin detenernos a determinar cuál de los dos idiomas debe prevalecer en este caso[1] expondremos, sin embargo, la interpretación que a las dos palabras arriba mencionadas del idioma inglés le han dado las cortes del continente.

En *People* v. *Lawler,* 77 N.Y.S. 840, 842, 74 App. Div. 553, 557, se dice:

*"*El adverbio *'exclusively'* es definido por los lexicógrafos como que significa con exclusión de todos los demás; sin admitir que otros participen.*"*

La palabra *"wholly"* es considerada como sinónima de *"exclusively",* y definida como *"*con exclusión de todos los demás.*"* *Commonwealth* v. *City of Richmond,* 81 S.E. 69, 73, 116 Va. 69.

Véanse también los casos de *Memphis Chamber of Commerce* v. *City of Memphis,* (Tenn. 1921) 232 S.W. 73 y *B.P. O.E. Lodge No. 151* v. *City of Houston,* (Tex. 1931) 44 S. W.2d 488.

No sólo opinamos que el edificio de la Cámara de Comercio no es utilizado y destinado exclusiva y totalmente a los fines a que hace referencia el estatuto, sino que además creemos que al arrendarse la planta baja del mismo en la forma que ya hemos mencionado se está obteniendo un beneficio pecuniario por la arrendadora. El hecho de que el producto total de las rentas se utilice por la peticionaria para amortizar la deuda que pesa sobre el edificio no altera en absoluto la situación. Al no cumplirse estrictamente con el estatuto, es claro que la Cámara de Comercio de Puerto Rico no tiene derecho a disfrutar de la exención contributiva provista por el referido artículo.

---

[1] Véase Ley núm. 8 de 12 de noviembre de 1917 (Vol. II, pág. 211)

■ Insiste por otra parte la peticionaria en que en el supuesto de que se resuelva que a virtud del arrendamiento de la planta baja ella no tiene derecho a una exención total debe concedérsele entonces por lo menos exención sobre el solar y sobre la parte del edificio por ella ocupado. Si bien es verdad que esto puede hacerse cuando el estatuto así lo autoriza y que en algunos Estados ello se ha hecho en casos en que no hay una prohibición expresa, sin embargo en Puerto Rico tenemos el artículo 290 del Código Político que dispone "Que toda propiedad no exenta *expresamente* del pago de contribuciones será tasada como imponible." A virtud de ese precepto claro de ley no es posible acceder a lo solicitado.

■ En el presente caso la Cámara de Comercio acudió al Tribunal de Contribuciones sin pagar total o parcialmente la contribución exigídale. Artículo 309 del Código Político. Más tarde, cuando el Tribunal de Contribuciones denegó su querella, pagó la totalidad de la contribución bajo protesta y acudió ante nos mediante el recurso de *certiorari* provisto por la sección 5 de la Ley núm. 169 de 15 de mayo de 1943 (págs. 601, 609). A fin de evitar erróneas interpretaciones, creemos nuestro deber hacer constar que en materia de contribuciones sobre la propiedad los contribuyentes que deseen apelar ante este Tribunal por certiorari no necesitan pagar bajo protesta el importe de la contribución determinada por el Tribunal de Contribuciones. Decimos esto debido a que en el caso de *Island Needlework* v. *Tribunal de Contribuciones,* 65 D. P. R. 723, 725, por inadvertencia dijimos ".... para que la contribuyente pudiese conocer con certeza la cantidad exacta que de acuerdo con la ley estaba obligada a pagar bajo protesta como requisito previo para poder instar el recurso de revisión ante esta Corte." Al así expresarnos pasamos por alto que allí se trataba de un caso de contribuciones sobre la propiedad. No obstante, lo que a ese respecto manifestamos es aplicable a casos de contribuciones sobre ingresos. En ellos hay que pagar la totalidad de la deficiencia

determinada por el Tribunal de Contribuciones y si se desea apelar para ante nos de la resolución dictada por éste, deberá protestarse la parte con la cual no se estuviere conforme y cumplirse con los otros requisitos especificados en la ley. Artículo 76 de la Ley núm. 74 de 6 de agosto de 1925 (pág. 401), según fué enmendado por la Ley núm. 23 de 21 de noviembre de 1941 (Sesión Extraordinaria, págs. 73, 89).

*Debe confirmarse la resolución recurrida.*