Rafael Buscaglia, Tesorero de Puerto Rico, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Sindicatura Rubert Hermanos, Inc., interventora.

Núm. 141.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Enero 14, 1948.

*Hon. Procurador General Luis Negrón Fernández, J. Rivera Barreras y Elmer Toro Lucchetti, Procuradores Generales Auxiliares,* abogados del peticionario; *Gabriel de la Haba,* abogado de la interventora, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

A petición del Tesorero de Puerto Rico expedimos el auto en este caso para revisar la resolución del Tribunal de Contribuciones al efecto de que propiedad mueble, constituída por materia prima de la contribuyente, Sindicatura de Rubert Hnos. Inc., estaba exenta del pago de contribuciones sobre la propiedad para el año 1945 a 1946, a virtud de la Ley núm. 61 aprobada el 5 de mayo de 1945 (Leyes de 1945, pág. 221). Primordialmente el tribunal inferior basó su decisión en el hecho de que de acuerdo con el artículo 6 de dicha ley, la misma empezó a regir el día primero de julio de 1945, y que desde dicha fecha la propiedad antes mencionada estaba exenta del pago de contribución.

 No obstante el hecho de que la exención prescrita en dicha ley no se hizo retroactiva al día 15 de enero, fecha en que, de acuerdo con el Código Político, se impuso la contribución (*tax date*), y de haber reiteradamente resuelto este Tribunal en *Asociación de Maestros* v. *Sancho Bonet, Tes.,* 54 D.P.R. 536; *Roig* v. *Sancho Bonet, Tes.,* 54 D.P.R. 649; *Varcárcel* v. *Sancho Bonet, Tes.,* 61 D.P.R. 213 y *Buscaglia, Tes.* v. *Tribunal de Contribuciones,* 63 D.P.R. 39, que es en dicha fecha, 15 de enero, que surge el estado contributivo (*taxable status*) de la propiedad, el cual debe permanecer inalterado, (como excepción, desde luego, dicho estado puede ser alterado si se exime expresamente la propiedad de contribuciones para dicha fecha), y de haber resuelto expresamente en *National Hats Co.* v. *Sancho, Tes.,* 65 D.P.R. 241, que cuando la propiedad no está exenta del pago de contribuciones el 15 de enero, aun cuando posteriormente sea exenta, debe pagar; el tribunal inferior resolvió que la intención legislativa al fijar la vigencia de la ley para el 1ro.

de julio de 1945, fué eximir la materia prima del pago de las contribuciones ya impuestas el 15 de enero anterior.

No estamos conformes. Si la Legislatura, conociendo nuestra jurisprudencia, no le dió efecto retroactivo a la Ley núm. 61 de 1945 al 15 de enero, las contribuciones ya impuestas en dicha fecha, aunque no cobradas, eran adeudadas por la contribuyente. Como dijimos en el caso de *Asociación de Maestros* v. *Sancho Bonet,* supra, ''la responsabilidad del pago de las contribuciones sobre la propiedad, surge a la fecha en que la tasación de los biénes para fines contributivos queda terminada.'' Y en el de *National Hats Co.* v. *Sancho,* supra, rechazamos la contención del apelante en dicho caso, al efecto de que si bien las contribuciones se fijan el 15 de enero de cada año, no se adeudan realmente hasta el primero de julio y el primero de enero.

Si bien en los casos citados, excepto el de *National Hats* en que la exención era de carácter general, se trataba de bienes inmuebles, y en el de autos de bienes muebles, la situación es la misma, ya que, de acuerdo con el artículo 297 del Código Político, todos los bienes muebles serán tasados e incluídos en el reparto de contribuciones a nombre de su dueño respectivo, en el municipio en que residiese, el día quince de enero. De manera que el estado contributivo (taxable status) surge el mismo día para ambas clases de propiedad y la responsabilidad u obligación contributiva en la misma fecha, el 15 de enero de cada año.

Nada encontramos en la Ley núm. 61 de 1945, que justifique que variemos la jurisprudencia citada y aquélla establecida en los casos de *Monllor & Boscio, Sucrs.* v. *Sancho Bonet, Tes.,* 61 D.P.R. 67; *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Tes.,* 64 D.P.R. 914 y el de *National Hats Co.* v. *Sancho,* supra, al efecto de que cuando se trata de leyes concediendo exenciones contributivas, las mismas deben interpretarse restrictivamente y que a menos que expresamente se haga constar en ellas que tendrán efecto retroactivo no

deben interpretarse en ese sentido. *Cf. Island Needlework v. Tribunal de Contribuciones,* 65 D.P.R. 727, 734.

*No habiendo sido exenta la propiedad de la contribuyente para el 15 de enero de 1945, erró el tribunal inferior en su resolución, la cual debe revocarse y devolverse el caso con instrucciones de que se desestime la querella radicada por la contribuyente.*