CENTRAL COLOSO, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE P. R., interventor.

Núm. 209.—*Sometido:* Mayo 2, 1949. *Resuelto:* Junio 13, 1949.

*D. Guerrero Noble,* abogado de la peticionaria; *Hon. Procurador General Vicente Géigel Polanco y Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El problema a resolver en este caso es si los vagones de ferrocarril que se usan para transportar cañas a una central están exentos del pago de arbitrios a tenor con la sección 16–B de la Ley de Rentas Internas, según fué enmendada por la Ley núm. 77, Leyes de Puerto Rico, 1944 (pág. 167) y la sección 2, artículo 4(d) (1) del Reglamento 52 del Tesorero promulgado de conformidad con la misma.([1]) La Central Coloso, Inc. pagó bajo protesta la suma de $7,341.38 como arbitrios sobre 100 vagones que trajo a Puerto Rico en 1946 y demandó ante el Tribunal de Contribuciones solicitando el reintegro. El caso se encuentra ante nos mediante solicitud de *certiorari* para revisar la decisión de dicho tribunal desestimando la querella.

La peticionaria es dueña y opera una planta industrial dedicada a la elaboración de azúcar cruda. Los vagones en cuestión se usan para transportar cañas a su factoría, incluyendo el 32½ por ciento de la caña que muele procedente de sus colonos. En el tiempo muerto usa estos vagones dondequiera sea necesario para cargar piezas de repuesto de la maquinaria de la factoría en reparación.

Los casos que interpretan estatutos de exención aún más amplios que los nuestros, resuelven que el equipo usado por una planta industrial para transportar materia prima a la planta no se considera como equipo esencial para la operación industrial, y por consiguiente no cae bajo la exención contributiva para una planta industrial, su equipo y maquinaria.

---

([1])La sección 2 de la Ley núm. 77 provee como sigue: "Sección 16–B.— Estarán exentos del pago de los arbitrios impuestos por esta Ley toda maquinaria, aparato o equipo que sea esencial para el establecimiento y funcionamiento de plantas industriales. *Disponiéndose,* que el Tesorero de Puerto Rico dictará los reglamentos que fueren necesarios para dar cumplimiento a las disposiciones de esta sección."

La sección 2, artículo 4(d) (1) del Reglamento 52 prescribe que la exención no incluirá "Transportación de la materia prima de las fuentes de abastecimiento, o de los puertos de entrada a la Isla, hasta el territorio de la planta industrial."

La teoría de estos casos es que, a la luz de la interpretación restrictiva que se exige de las leyes de exención contributiva,(²) el proceso industrial no incluye transportación de la materia prima necesaria para dicho proceso. *Adams County* v. *National Box Co.*, 88 So. 168 (Miss., 1921); *Dawkins Lumber Co.* v. *Caudill*, 279 S.W. 617 (Ky., 1926); *City of Louisville* v. *Howard*, 208 S.W.2d 522, 526 (Ky., 1947). *Cf. State Tax Commission* v. *Baltimore Asphalt B. & T. Co.*, 26 A.2d 371 (Md., 1942); *City of Columbus* v. *Muscogee Mfg. Co.*, 140 S.E. 860 (Ga., 1927). De manera similar, nuestra ley es aún más clara para exigir este mismo resultado. De su faz aparece que la Asamblea Legislativa tuvo por miras limitar la exención a la unidad que constituye la planta industrial.

En vista de lo anterior, no podemos convenir con la contención de la peticionaria al efecto de que la sección 2, artículo 4(*d*) del Reglamento no se ajusta a la ley. *Cf. Chabrán* v. *Bull Insular Line, Inc.*, 69 D.P.R. 269.

La sección 16–B fué enmendada por la Ley núm. 436, Leyes de Puerto Rico, 1947 ((1) pág. 909), después de haber sido estos vagones introducidos en Puerto Rico. La nueva Ley contiene una disposición expresa denegando la exención aquí reclamada.(³) Sin embargo, la sección 16–B, si bien redactada en términos generales, significaba sustancialmente la misma cosa antes de que se hiciera la enmienda, que sobre este punto meramente declaró la ley ya existente haciéndola

(²)*Buscaglia, Tes.* v. *Tribl. de Contribuciones*, 68 D.P.R. 87.

(³)La sección 1 de la Ley núm. 436 reza así:

"Sección 16–B.—Estará exento del pago de los arbitrios impuestos por esta Ley todo aparato, maquinaria o equipo que sea esencial para el establecimiento y funcionamiento de plantas industriales; *Disponiéndose*, que se considerarán comprendidas en esta exención las subunidades o fases principales (*major features*) de dichos aparatos, equipo o maquinaria, que sean necesarias para reponer otras subunidades o para ampliar o mejorar el equipo, pero no estarán incluídos las partes, piezas o accesorios de la maquinaria o de la subunidad cuyo 'costo en Puerto Rico' por unidad individual sea menor de veinte (20) dólares; *Disponiéndose, asimismo*, que por subunidad o fase principal (*major feature*) se entenderá aquellas secciones, partes o accesorios sustanciales de la maquinaria o equipo esencial: *Disponiéndose, finalmente,* que por ser ésta una

más detallada y específica. 1 Sutherland, *Statutory Construction*, 3ra. ed., sec. 1930, pág. 415. En verdad, el fin primordial de la Ley núm. 436 aparentemente fué hacer frente a la situación creada por nuestra decisión en el caso de *Buscaglia, Tes.* v. *Tribunal de Contribuciones*, 67 D.P.R. 57, en lo referente a partes y accesorios, más bien que incluir la cláusula incidental que trata del problema aquí envuelto. Véase también *Caparra Dairy* v. *Tribunal de Contribuciones*, 67 D.P.R. 314. Por tanto opinamos que la Ley núm. 436 no afecta el resultado de este caso.[4]

█ La peticionaria también descansa en cierta reglamentación de la Comisión de Servicio Público en cuanto a la transportación de cañas y en *Calaf* v. *González*, 127 F. 2d 934 (C.C.A. 1, 1942), que resuelve que los empleados de una central que se dedican a la transportación de cañas están cubiertos por la Ley sobre Normas Razonables del Trabajo. Pero la reglamentación de la peticionaria como empresa de servicio público y la aplicación de una ley reparadora en cuanto a salarios, que debe interpretarse liberalmente, nada tienen que ver con una ley de exención contributiva, que claramente no cubre la transportación de materia prima y que de cualquier modo debe interpretarse restrictivamente. Y *cf. Sancho* v. *Bowie,* 93 F.2d 323, 326 (C.C.A. 1, 1937).

*La resolución del Tribunal de Contribuciones declarando sin lugar la querella será confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.

---

exención que ampara la maquinaria esencial para el establecimiento y funcionamiento de plantas industriales, deberá entenderse aplicable sólo a la maquinaria de la fase fabril productiva del proceso industrial que intervenga con las materias primas desde el comienzo del proceso de manufactura hasta su terminación, incluyendo envase y rotulación del producto; pero no amparará la maquinaria, aparatos, equipo, ni vehículos empleados en la fase administrativa o comercial de la industria; *Disponiéndose, sin embargo,* que se considerará amparado por la exención cualquiera maquinaria o equipo que se instale en la planta manufacturera con fines de salubridad de operarios o de prevención de accidentes.''

[4] De igual forma nada tiene que ver con este caso la Ley núm. 195 del 7 de mayo de 1949, que enmendó la sección 16-B