DESTILERÍA SERRALLÉS, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 212.—*Sometido:* Mayo 6, 1949. *Resuelto:* Junio 13, 1949.

*Orlando J. Antonsanti* y *Eulogio Riera,* abogados de la peticionaria; *Hon. Procurador General Vicente Géigel Polanco* y *Edgar S. Belaval, Abogado Especial del Departamento de Justicia,* abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 15 de enero de 1945 Destilería Serrallés, Inc. era dueña de 837,232.93 galones de ron que tenía en almacenes de adeudo por más de un año en proceso de envejecimiento bajo el control del Tesorero, y sobre los cuales había pagado la contribución sobre la propiedad por el año fiscal 1944–45.

La Ley núm. 53, Leyes de Puerto Rico, 1945, (pág. 201) empezó a regir el 5 de mayo de 1945. Sus secciones 1, 2 y 4 prescriben como sigue:

"Sección 1.—Con el fin de estimular el mejoramiento de su calidad, por la presente se exime del pago de contribuciones sobre la propiedad en todos los años fiscales subsiguientes al primero en que hayan sido depositados para envejecer, aquellos productos respecto a los cuales esté científicamente reconocido que el envejecimiento mejora su calidad.

"Sección 2.—Ningún producto podrá ser declarado como científicamente reconocido entre los que mejoran su calidad mediante el proceso de envejecimiento, hasta tanto dicha declaración haya sido hecha por el Tesorero de Puerto Rico en resolución administrativa al efecto.

"Sección 4.—Los productos que estuvieren depositados para envejecimiento antes de entrar en vigor esta Ley y que según los términos de ésta llenen y hayan llenado por no menos de un (1) año con anterioridad a dicha vigencia los requisitos que aquí se establecen para la exención que por la presente se concede, si hubieren pagado contribuciones sobre la propiedad por dicho año anterior a la vigencia de esta Ley, quedarán exentos del pago de contribuciones sobre la propiedad en todos los años siguientes en que continúen depositados para su envejecimiento, según las disposiciones de esta Ley."

De conformidad con la sección 2, el Tesorero expidió un boletín administrativo concluyendo que el ron era un producto cuya calidad se mejora a través del proceso de envejecimiento. En consecuencia la corporación alegó que este ron estaba exento de la contribución sobre la propiedad impuesta para 1945–46. El Tesorero rechazó esta contención. Expedimos el auto de *certiorari* al solicitarnos la contribu-

yente que revisáramos la decisión del Tribunal de Contribuciones desestimando la querella de la corporación en cuanto a esta partida.

■■ Convenimos con el Tesorero en que la obligación de pagar la contribución sobre la propiedad para 1945–46 surgió el 15 de enero de 1945. *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 68 D.P.R. 37, y casos allí citados. Pero antes de que la peticionaria tuviera por ley que pagar la contribución, la Asamblea Legislativa aprobó la Ley núm. 53. Esta ley dispone la condonación del pago de contribución para el año 1945–46 sobre cualesquiera productos que como el ron aquí envuelto caigan dentro de sus disposiciones. Según lo exige la sección 4, el ron estaba almacenado en proceso de envejecimiento antes de que entrara en vigor la Ley; había cumplido por más de un año antes de la aprobación, con los requisitos establecidos en ella para la exención de contribución sobre la propiedad; y había pagado dicha contribución para el referido año (1944–45) anterior a la vigencia de la Ley. Por consiguiente, este ron cae dentro de los claros términos de la sección 4 eximiéndolo del pago de contribución sobre la propiedad durante todos los años siguientes, incluyendo el 1945–46, en que estuviere en proceso de envejecimiento.

■ De exigirse algo más, las disposiciones de la sección 1 demuestran que la Legislatura tuvo por miras que la exención fuera aplicable a la contribución para el 1945–46, siempre y cuando se diera cumplimiento a todos los requisitos de la ley. La sección 1 provee una exención "en todos los años fiscales subsiguientes al primero" en que el producto haya estado almacenado en proceso de envejecimiento. Y el 1945–46 es un año fiscal subsiguiente al primer año en que este ron estaba almacenado para envejecimiento.

Además, el artículo 3 del Reglamento promulgado por el Tesorero de conformidad con la sección 6 de la Ley núm. 53 sostiene nuestra conclusión. Dice así: "La exención de contribución sobre la propiedad aquí dispuesta sólo será aplica-

ble a aquellos productos que en la fecha en que se solicitare la exención hubieren cumplido no menos de un año de almacenaje bajo las condiciones antes expresadas y *la exención será efectiva a la terminación del último año fiscal para el cual se hubiere hecho una tasación de tales productos, y años subsiguientes.*" (Bastardillas nuestras). Cuando esta Ley empezó a regir el 5 de mayo de 1945, la *terminación* del último año fiscal para el cual se hubiere hecho una tasación era el 1944-45 y no el 1945-46.

No hemos contravenido la regla de que las leyes concediendo exenciones contributivas serán interpretadas restrictivamente. *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* supra, y casos en él citados. En el caso de *Buscaglia* dijimos a la pág. 38 que si bien el estado contributivo surge el 15 de enero, la Asamblea Legislativa puede, de así elegirlo, según lo hizo en este caso, alterar dicho estado eximiendo expresamente la propiedad con efecto a dicha fecha.

*La resolución del Tribunal de Contribuciones será revocada y se dictará sentencia declarando que el ron aquí envuelto está exento del pago de contribución sobre la propiedad para el año 1945-46.*

El Juez Asociado Sr. Negrón Fernández se inhibió.