GRETCHEN K. WOOD, peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; SOL L. DESCARTES, TESORERO DE PUERTO RICO, interventor.

Núm. 233. *Sometido:* Abril 12, 1950. *Resuelto:* Abril 20, 1950.

*Brown, Newsom & Córdova,* abogados de la peticionaria; *Hon. Procurador General Vicente Géigel Polanco (Carlos Santana Becerra, Procurador General Auxiliar,* en el alegato) y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La única cuestión a ser determinada en este curso es si el monto total de dos pólizas de seguro de vida dejadas por Lewis Robert Wood à favor de *"The Estate of Lewis Robert Wood"* y pagadas a su fallecimiento a su viuda la aquí peti-

cionaria Gretchen K. Wood, quien resultó ser única heredera testamentaria del finado, está sujeto o no al pago de contribución sobre herencia a tenor de lo provisto por la sección 4(a)(3) de la Ley núm. 303 de 12 de abril de 1946, págs. 783, 787.

En 30 de diciembre de 1947 Gretchen K. Wood recibió del Tesorero de Puerto Rico una notificación de imposición de contribución de herencia bajo la citada Ley 303 por la suma de $7,389.21 en relación con los bienes relictos al fallecimiento de su esposo Lewis Robert Wood. Ella pagó esa contribución, a excepción de $1,209.23, que representaban la porción que de aquélla el Tesorero había impuesto sobre el importe de dos pólizas expedidas por los Estados Unidos de América de acuerdo con la *World War Veteran's Act of 1924*([1]) por $5,000 cada una, pagaderas a *"The Estate of Lewis Robert Wood"* y, no conforme con la determinación del Tesorero, acudió al Tribunal de Contribuciones. Luego de aducir los anteriores hechos alegó, entre otras cosas, que el finado Lewis Robert Wood estuvo casado en únicas nupcias con ella y que no procrearon hijos; que Wood dejó un testamento mediante el cual ella fué nombrada única y universal heredera de éste y que no hubo herederos forzosos de clase alguna. Celebrada la vista de rigor, el Tribunal de Contribuciones dictó sentencia declarando sin lugar la querella. A instancias de la allí querellante expedimos el auto de *certiorari* autorizado por el artículo 6 de la Ley 328 de 13 de mayo de 1949 (págs. 997, 1005).

█ █ Dos motivos aduce la peticionaria en apoyo de su recurso. El primero, al efecto de que el monto de dichas pólizas de seguro de vida está exento de la contribución de herencia insular a virtud de las disposiciones del artículo 454(a) del *World War Veteran's Act of 1924*, ha sido por ella abandonado. Véase *U. S. Trust Co.* v. *Helvering*, 307 U. S. 57. El otro es que el importe de las referidas pólizas está

---

([1]) 38 U.S.C.A., pág. 274.

exento del pago de contribución de herencia a virtud de las disposiciones del artículo 4 (a) (3) de la Ley núm. 303, supra. Éste provee:

"Quedarán exentos de contribución de acuerdo con esta Ley, y excluídos del montante de las donaciones tributables, . . . (3) los primeros diez mil (10,000) dólares del importe total del seguro ordinario de vida o dotal sobre la vida del asegurado, cualquiera que sea el número de beneficiarios, siempre que éstos sean el cónyuge supérstite y/o pariente en el primero o segundo grado de consanguinidad o afinidad."

Ya hemos indicado que en las dos pólizas de seguro de vida no figuraba específicamente como beneficiaria la aquí peticionaria en su carácter de cónyuge supérstite; que dichas pólizas fueron expedidas a favor de *"The Estate of Lewis Robert Wood";* y que fué únicamente a virtud del testamento otorgado por su finado consorte que ella recibió el importe de las mismas.

Es principio en materia de derecho contributivo que las exenciones por ser una gracia legislativa han de ser interpretadas restrictivamente en contra de la persona que alega tener derecho a ellas. *Asociación de Maestros* v. *Sancho Bonet,* 54 D.P.R. 536, 540; *Buscaglia, Tes.* v. *Tribunal de Contribuciones, Sindicatura Rubert Hnos., Int.,* 68 D.P.R. 37. Igualmente es principio de derecho que cuando de la interpretación de leyes especiales—como lo es la Ley de Contribución Sobre Ingresos (²)—se trata, debe acudirse en primera instancia a tales leyes especiales y que de haber deficiencias en éstas deberá acudirse al Código Civil y a otras leyes en *pari materia.* Artículos 12 y 18 del Código Civil, ed. de 1930. No nos dice la Ley 303, supra, qué se entenderá por beneficiarios. Tampoco el Código Civil, la Ley de Seguros de Puerto Rico (³) o estatuto otro alguno vigente en esta isla. Empero, el significado de esa palabra en materia de seguros es tan conocido

(²) Núm. 74 de 6 de agosto de 1925 (pág. 401).
(³) Núm. 66 de 16 de julio de 1921 (pág. 523).

que es innecesario definirla. (⁴)  Sea ello como fuere, no puede decirse que un heredero testamentario es un beneficiario cuando parte del caudal hereditario está constituído por pólizas de seguro de vida.

■■ No era la peticionaria Gretchen K. Wood, como ya hemos dicho, la beneficiaria en las indicadas pólizas.  Ella recibió el importe de las mismas por disponer éstas que eran pagaderas a *"The Estate of Lewis Robert Wood"* y por haber otorgado éste testamento designándola como su única y universal heredera.  Al fallecimiento de su esposo el importe de las pólizas entró a formar parte del caudal relicto y ese importe le correspondió a ella, no como beneficiaria de las mismas, sino como única heredera testamentaria.  No siendo ella beneficiaria y sí meramente una heredera, no tiene derecho a disfrutar de la exención provista por el artículo 4 (*a*) (3) de la Ley 303.

En *In re Roth's Estate*, 244 N.Y.S. 741 (1930), la Corte Suprema del Estado de Nueva York tuvo ante su consideración un caso que guarda gran similitud con el presente.  En dicho caso el recurso se fundó en haberse impuesto indebidamente una contribución a Viola Roth sobre la suma de $100,000, monto de cuatro pólizas de seguro sobre la vida del finado.  Las pólizas eran pagaderas a *"The Estate of Decedent"* (Sucesión del Finado). (⁵)  La corte se expresó así:

"Es evidente que el importe de las pólizas de seguro pasó como parte del caudal hereditario y que Viola Roth recibió los $100,000 a virtud de las cláusulas del testamento y no como beneficiaria designada en las pólizas."

Véanse también los casos de *In re Headrich's Estate*, 134

(⁴) Véanse, sin embargo, la obra *Words and Phrases*, tomo 5, edición permanente, pág. 326; Bouvier's *Law Dictionary*, Vol. 1 Tercera Revisión, pág. 337, y Enciclopedia Jurídica Española, de Seix, tomo 4, pág. 462.

(⁵) El artículo 600 del Código Civil, edición 1930, provee que:

"La sucesión significa también las propiedades, derechos y cargas que una persona deja después de su muerte, ora la propiedad exceda a las cargas, ora las cargas excedan a la propiedad, o bien si dicha persona ha dejado solamente cargas y ninguna propiedad."

Misc. Rep. 741, 236 N.Y.S. 395 (1929), e *In re Voorhees'*
*Estate,* 193 N.Y.S. 168 (1922), así como 28 Am. Jur. 48,
sec. 69.

No habiendo la peticionaria en este recurso recibido el
importe de las pólizas de seguro de vida en su carácter de
beneficiaria de las mismas sino como heredera testamentaria,
el tribunal recurrido actuó acertadamente al dictar resolución
declarando sin lugar la querella y *esa resolución debe ser
confirmada.*

El Juez Asociado Sr. Negrón Fernández se inhibió.

El Juez Asociado Sr. Snyder disintió.