Sol Luis Descartes, etc., peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Restituto Ortiz, interventor.

Núm. 273.—*Sometido:* Mayo 1, 1952. *Resuelto:* Mayo 22, 1952.

*Hon. Procurador General Víctor Gutiérrez Franqui* y *José A. García Malpica, Procurador General Auxiliar,* abogados del peticionario; *Alberto Gerardino,* abogado del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tri-' bunal.

En su planilla de contribución sobre ingresos para el año 1945, Restituto Ortiz hizo figurar como deducción una partida de $700 por concepto de gastos de transportación y comidas. El Tesorero la rechazó y le notificó una deficiencia. Luego de los trámites administrativos de rigor Ortiz acudió al Tribunal de Contribuciones, donde después de una vista en sus méritos se resolvió que la parte de esa suma correspondiente a comidas no era deducible, aunque sí la correspondiente a gastos de transportación. De acuerdo con la prueba aducida, para el año en cuestión el querellante trabajaba como inspector de aduanas por un sueldo anual de $2,902.06. Debido al estado de guerra prevaleciente él trabajó asimismo un número de horas extras y por ellas recibió $4,102.03. Por ese trabajo adicional el ejército o la marina de los Estados Unidos o la Pan American World Airways le pagaban por mediación de la Aduana. No era obligatorio para él trabajar horas extras, pero en vista de que por ellas percibía remuneración adicional prefirió trabajarlas. Durante las horas regulares de labor el gobierno federal le suministraba transportación desde la entrada del aeropuerto en la Avenida Fernández Juncos, en Santurce, hasta el edificio situado en los terrenos del aeródromo en Isla Grande, que era donde rendía su labor de inspección. No así durante las horas de la noche, cuando él tenía que sufragar sus propios gastos de transportación. Como para aquel entonces, y especialmente a esas horas, no había servicio regular de autobuses desde la entrada del aeropuerto hasta el referido edificio, ni viceversa, Ortiz se veía precisado a utilizar taxímetros tanto cuando en tales horas tenía que trasladarse al lugar donde trabajaba como cuando al finalizar sus deberes deseaba regresar a su casa en horas de la madrugada. Precisamente por esos gastos de transportación y por sus comidas en horas extraordinarias fué que hizo su reclamación en la planilla. Consta claramente en autos que en relación con los gastos de viaje desde la entrada del aeropuerto hasta

su casa y viceversa él no reclamaba nada, como tampoco por sus comidas durante las horas regulares de trabajo. Basado en extensa opinión, el tribunal recurrido dictó sentencia al efecto de que el querellante no tenía derecho a deducir suma alguna por concepto de comidas, mas sí a la deducción de la suma de $514.05 por gastos de transportación.

Días mas tarde las partes estipularon que a partir de la vigencia de la Ley de Contribuciones Sobre Ingresos de Puerto Rico—núm. 74 de 6 de agosto de 1925, pág. 401—la práctica administrativa establecida por el Tesorero de Puerto Rico al interpretar la sección 16(a) (1) de esa ley había sido al efecto de rechazar como un gasto deducible del ingreso bruto de un contribuyente los gastos incurridos por éste en trasladarse desde su residencia hasta su sitio de negocios o empleo (*commuters' fares*); y que la contención del querellante era que tal práctica administrativa resultaba errónea por ser contraria a la ley. A esa estipulación el tribunal le impartió su aprobación. Solicitada reconsideración de la sentencia poco después por el Tesorero, el tribunal la declaró sin lugar, ratificándose en el criterio que antes había expuesto. En la nueva opinión emitida al denegar la reconsideración el tribunal manifestó que su anterior opinión no tenía el alcance de establecer como doctrina general de derecho, sin limitación alguna, que en Puerto Rico los gastos de transportación en que incurre un contribuyente al trasladarse de su residencia a su sitio de negocios o empleo, o viceversa, son deducibles de su ingreso bruto bajo las disposiciones de la sección 16(a) (1) de la ley; y que tampoco podía atribuírsele el alcance de haber establecido en forma general, que una práctica administrativa no debía ser tomada en consideración, ni surtía efecto si no constaba por escrito. Dijo, además, que en Puerto Rico no existe disposición de ley expresa, como ocurre en Estados Unidos, que prohiba en forma absoluta considerar tales gastos como deducibles, independientemente de la consideración de si son o no necesarios en el negocio; que "la transportación aquí reclamada fué necesaria e imprescindible para

moverse dentro del propio sitio de trabajo del contribuyente, o sea, para transportarse desde la entrada del aeropuerto hasta el o los terminales donde se hacía la inspección de aduana"; que "esto se debió a la naturaleza del sitio mismo y a la naturaleza del trabajo realizado que dependía de la entrada y salida de aviones"; que "en estas circunstancias, . . . y considerando que el trabajo extra que aunque similar, no formaba parte integrante de los deberes oficiales del contribuyente en su empleo oficial, se realizó voluntariamente, ratificamos nuestra conclusión anterior de que a la luz de los hechos probados, los gastos de transportación aquí envueltos son deducibles como ordinarios y necesarios en la explotación de una industria o negocio, o como reza el reglamento, como gastos ordinarios y necesarios *directamente relacionados* con la explotación de una industria o negocio"; y que "la diferencia entre éstos, y los gastos de comidas que no concedimos, aunque en última instancia ambos resulten ser personales en sentido general, estriba en que un individuo necesita incurrir en gastos de alimentación o subsistencia esté ejerciendo una industria, negocio o empleo, o esté descansando en su casa." Para revisar la sentencia así dictada, a instancias del Tesorero de Puerto Rico expedimos el auto de *certiorari* autorizado por el artículo 6 de la ley creadora del Tribunal de Contribuciones de Puerto Rico—núm. 328 de 13 de mayo de 1949, págs. 997, 1005.

La sección 16 de la Ley de Contribuciones Sobre Ingresos, supra, según fué enmendada por la núm. 31 de 12 de abril de 1941 (págs. 479, 495), provee en lo aquí pertinente lo que pasamos a copiar en seguida:

"(*a*) Al computar el ingreso neto se admitirán como deducciones:

"(1) Todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, incluyendo una cantidad razonable para sueldos u otras compensaciones por servicios personales realmente prestados; gastos de viaje (incluyendo el montante total

para comidas y hospedaje) mientras esté ausente de la residencia en asuntos relacionados con la industria o negocio; . . . ."

Por otra parte, el Reglamento núm. 1, para instrumentar la Ley de Contribuciones Sobre Ingresos, aprobado en 17 de mayo de 1926, dispone en su artículo 102, en lo aquí esencial, lo siguiente:

"Los gastos de viaje, conforme de ordinario se entiende esa frase, incluyen los gastos de transportación por ferrocarril, las comidas y el alojamiento. Si el viaje se ha efectuado por motivos ajenos al negocio, tales gastos de ferrocarril son personales y los de comidas y alojamiento se considerarán que son gastos de subsistencia. Si el viaje se realiza tan sólo con fines de negocios los gastos de viaje razonables y necesarios, incluyendo lo pagado en transportación por ferrocarril, en comidas y alojamiento, se considerarán como gastos del negocio más bien que personales . . . Solamente podrán deducirse aquellos gastos que resulten ser razonables y necesarios en la explotación del negocio y que sean directamente atribuibles al mismo. . . ."

Interpretando el artículo 23 (a) (1) (A) del Código Federal de Rentas Internas—26 U.S.C. sección 23, según ha sido enmendado, 56 Stat. 819—el Tribunal Supremo de la nación, después de indicar que el mismo debía leerse a la luz de la interpretación dádale por el artículo 19 :23 (a) -2 del Reglamento del Tesoro núm. 103, promulgado a tenor de dicho Código, y luego de manifestar que esa interpretación era precisamente la misma dádale a deducciones idénticas por concepto de gastos de viaje autorizadas por leyes de Rentas Internas anteriores y sucesivas, indicó que la misma debía considerarse que había merecido aprobación implícita por el Congreso y tenía, por ende, el efecto de una ley. Continuó diciendo que "para que bajo la sección 23 (a) (1) (A), supra, pueda reclamarse una deducción por gastos de viaje, tres condiciones han de ser cumplidas, a saber:

"(1) El gasto de viaje debe ser uno razonable y necesario, según esa frase es entendida generalmente. Esto incluye partidas como las pagadas por transportación, alimentos y alojamiento, incurridas mientras se viaja.

"(2) El gasto debe haberse incurrido 'mientras se está ausente de la residencia.'

"(3) El gasto debe haberse incurrido en asuntos relacionados con el negocio. Esto significa que ha de existir una relación directa entre el gasto y el ejercicio de una industria o negocio del contribuyente o de su patrono. Además, tal gasto debe ser necesario o apropiado al desarrollo y ejercicio del negocio o industria." *Commissioner* v. *Flowers*, 326 U. S. 465, 470, 90 L. ed. 203, 207.

Tras el estudio minucioso que hemos hecho del problema que está ante nuestra consideración creemos que el criterio así enunciado por el Tribunal Supremo de la nación es aplicable a la situación que nos ocupa. La sección 16 de nuestra ley en lo pertinente es idéntica al artículo 23 (*a*) (1) (A) de la Ley de Rentas Internas Federal interpretado en ese caso, y el artículo 102 de nuestro Reglamento es idéntico al 19:23 (*a*)-2 del Reglamento Federal a que en el mismo se hace referencia, excepción hecha de que en este último se dice al final, y tal disposición no está contenida en el nuestro, que *"commuters' fares* no serán consideradas como gastos del negocio y no son deducibles." Ello, sin embargo, no altera la situación. *"Commuters' fares"*, según entendemos la frase, son los gastos en que por concepto de transportación una persona incurre en trasladarse desde una ciudad, pueblo o punto limítrofe hasta el lugar donde trabaja, o viceversa. En el caso de autos no hay duda de que los reclamados por Ortiz no constituían gastos de tal naturaleza. Eran más bien gastos de transportación incurridos dentro de la misma ciudad en que vivía, es decir, dentro de la propia ciudad de su residencia. Además, tales gastos no guardaban relación directa con el ejercicio de una industria o negocio del contribuyente o de su patrono. En verdad, una vez que Ortiz se trasladaba al lugar específico donde realizaba su labor, ésta se limitaba a sus quehaceres oficiales como inspector de aduanas. Se trataba realmente de gastos de viaje desde su residencia hasta el edificio donde realizaba su trabajo oficial. Gastos de transportación incurridos

bajo circunstancias similares no son deducibles a los fines de la contribución sobre ingresos. El hecho de que el servicio público de transportación existiera tan sólo hasta la entrada del aeródromo y de que desde allí hasta el sitio en que efectuaba su trabajo Ortiz tuviera que valerse de un método de transportación distinto y que pagar por el mismo, no altera en forma alguna la anterior conclusión.

Nuestro criterio, por tanto, es que el tribunal inferior estuvo en lo cierto al concluir que los gastos de comidas no eran deducibles. *Todd* v. *Commissioner*, 10 T. C. 655; *Drill* v. *Commissioner*, 8 T. C. 902. Sobre ellos no hay controversia alguna. Mas, como hemos visto, fué un error del tribunal recurrido resolver que los gastos de transportación reclamados por el recurrente eran deducibles.

 Toda disposición sobre deducción o exención contributiva constituye una gracia legislativa y debe ser interpretada estrictamente en contra de aquél que alega tener derecho a una u otra. *Sucn. Serrallés* v. *Tribl. de Contribuciones*, ante pág. 35; *Descartes, Tes.* v. *Tribl. Contrib.* y *Sucn. Cautiño*, 71 D.P.R. 248, 254; *Wood* v. *Tribl. Contribuciones y Tes. Int.*, 71 D.P.R. 233, 235; *Descartes, Tes.* v. *Tribl. Contribuciones y Sucn. Serrallés*, 71 D.P.R. 471, 479; *Tes.* v. *Tribl. Contribuciones y Cervecería India*, 71 D.P.R. 512, 516; *Central Coloso* v. *Tribl. Contribuciones*, 70 D.P.R. 65, 68; *Buscaglia, Tes.* v. *Tribl. Contribuciones*, 68 D.P.R. 37, 39; *National Hats Co.* v. *Sancho, Tes.*, 65 D.P.R. 241, 244; *Helvering* v. *Ohio Leather Co.*, 317 U. S. 102, 106; *Helvering* v. *Northwest Steel Mills*, 311 U. S. 46, 49; *White* v. *United States*, 305 U. S. 281, 292; *Helvering* v. *Taylor*, 293 U. S. 507, 514; *New Colonial Co.* v. *Helvering*, 292 U. S. 435, 440; *Amoroso* v. *Commissioner*, 193 F. 2d 583; 56 Harv. L. Rev. 1142; Sutherland *Statutory Construction*, Vol. 3, Tercera Ed. (1943), pág. 296, sección 6702. Ni la letra clara de la ley ni la del Reglamento demuestran en forma alguna que a tenor de ellas el querellante, aquí interventor, tiene derecho a la deducción reclamada por concepto de gastos de transportación. Véanse 46 Columbia

L. Rev. 489; 90 L. ed. págs. 213 y siguientes; Mertens, *Law of Federal Income Taxation*, Vol. IV, secciones 2580, 2586 y 2587; *Andrews* v. *Commissioner*, 179 F. 2d 502.

█ Finalmente, la práctica administrativa establecida por el Departamento de Hacienda de Puerto Rico al efecto de que los gastos de transportación incurridos por un contribuyente en trasladarse desde su residencia hasta su sitio de negocio o empleo no son deducibles, debió merecer seria consideración por el tribunal recurrido, no obstante el hecho de no figurar la misma por escrito ni como parte integrante del artículo 102 del Reglamento a que ya nos hemos referido. A ella el Tribunal recurrido debió darle la misma consideración y la misma eficacia que a un reglamento escrito. (1) *Liggett & Myers Tobacco Co.* v. *Buscaglia, Tes.*, 64 D.P.R. 78, 83; *Buscaglia* v. *Liggett & Myers Tobacco Co.*, 149 F. 2d 493, 495; *Nashville C. & St. L. Ry.* v. *Browning*, 310 U. S. 362, 369; *Haas* v. *Henkel*, 216 U. S. 462, 480; *Barnhill* v. *Commissioner*, 148 F. 2d 913, 917.

*Debe revocarse la sentencia apelada y declararse sin lugar la querella.*

---

(1) Es innecesario decir que para que las cortes puedan dar reconocimiento a la misma, la existencia de una práctica administrativa debe quedar clara y firmemente establecida mediante prueba admisible. *Cf. Sucn. Giusti* v. *Tribl. Contribuciones*, 70 D.P.R. 117, 143.