FERNANDO C. PUJALS & BROS., INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* 547      *Resuelto:* 15 de octubre de 1963

*J. B. Fernández Badillo, Procurador General,* y *Rodolfo Cruz Contreras, Procurador General Interino,* abogados del recurrente; *E. Acosta Domenech,* abogado de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimental como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Secretario de Hacienda denegó el reintegro solicitado por la recurrida Fernando C. Pujals & Bros., Inc., de la suma de $117.11 que había pagado en concepto de impuestos sobre cierta cantidad de almendras laminadas con azúcar que había introducido en Puerto Rico. Recurrió la contribuyente ante el

Tribunal Superior, Sala de San Juan, alegando que las referidas almendras estaban exentas de impuestos por ley, y después de un juicio en los méritos dicho Tribunal dictó sentencia declarando con lugar la demanda y ordenando el reintegro solicitado. Expedimos un auto, a solicitud del Secretario de Hacienda, para revisar esa sentencia.

El Art. 10 (b) de la "Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico" sujeta al pago de impuestos a los dulces y goma de mascar.

En su Art. 23 (a) (13 L.P.R.A. sec. 4023) especifica los renglones que se consideran como dulces y goma de mascar, y en el apartado (b) se establecieron ciertas exenciones entre las cuales figuran las almendras cuando estén tenuemente laminadas con melaza o azúcar. Dispone la ley:

"§ 4023. Dulces y goma de mascar

(a) *Artículos Gravados*. Estarán sujetos al impuesto sobre dulces y goma de mascar, a los tipos prescritos en la sec. 4010 de este título, los siguientes renglones, excepto según se dispone en el apartado (b) subsiguiente:

    (1) Cualquier bombón, confitura o artículo común y comercialmente conocido como 'dulce';

    (2) . . . .

    (3) . . . .

(b) *Exclusión del Gravamen*. El impuesto sobre dulces y goma de mascar no será aplicable a:

    (1) . . . .

    (2) . . . .

    (3) . . . .

    (4) . . . .

    (5) . . . .

    (6) los maníes, nueces, almendras y pacanas, cuando estén tenuemente laminados con melaza o azúcar;"

El Tribunal Superior concluyó que "[D]ichas almendras [almendras de California importadas por la demandante] tienen una capa relativamente gruesa y dura, de sirop de azúcar, similar a las que se importan de Francia e Italia. Las de California se diferencian de estas otras en que son más

pequeñas y redondas y de tamaño menos uniforme. No puede decirse, estrictamente hablando, que la capa de unas u otras sea tenue. Sin embargo, ni en el mercado de Puerto Rico ni en el mercado mundial existe de acuerdo con la prueba ningún otro tipo de almendra laminada que esos dos. No es concebible, por tanto, que nuestro legislador se haya podido referir a ninguno otro cuando eximió del pago de arbitrios a las almendras tenuemente laminadas con azúcar."

En realidad, el Tribunal Superior al leer el lenguaje claro del Art. 23 (b) (6), eliminó de su contexto el adverbio *tenuemente* e interpretó la ley como si ésta leyera "*los maníes, nueces, almendra y pacanas, cuando - estén laminadas con melaza o azúcar.*" Convenimos con el Secretario de Hacienda en que al así hacerlo, dicho tribunal se apartó de las ya conocidas reglas de interpretación de los estatutos fiscales. Reiteradamente hemos dicho que las exenciones contributivas, por ser una gracia del soberano, deben interpretarse restrictivamente y así mismo que las exenciones no se presumen sino que tienen que aparecer consignadas en lenguaje claro y preciso. (1)

(1) Véanse: *Asociación de Maestros* v. *Sancho Bonet,* 54 D.P.R. 536, 540 (1939); *Monllor & Boscio, Sucrs.* v. *Sancho Bonet,* 61 D.P.R. 67, 73 (1942); *Puerto Rico Ilustrado* v. *Buscaglia,* 64 D.P.R. 914, 918 (1945); *National Hats Co.* v. *Sancho, Tes.,* 65 D.P.R. 241, 244–245 (1945); *Crown Beverages* v. *Buscaglia,* 65 D.P.R. 814, 819, escolio 5 (1946); *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 67 D.P.R. 57, 64 (1947); *Cámara de Comercio* v. *Tribl. de Contribuciones,* 67 D.P.R. 427, 430 (1947); *Buscaglia* v. *Tribl. de Contribuciones,* 68 D.P.R. 37, 39 (1948); *Ochoa Fertilizer Corp.* v. *Tribl. Contribuciones,* 68 D.P.R. 424, 431–432 (1948); *Central Coloso* v. *Tribl. Contribuciones,* 70 D.P.R. 65, 68 (1949); *Destilería Serrallés* v. *Tribl. Contribuciones,* 70 D.P.R. 69, 72 (1949); *Tes.* v. *Tribl. Contribuciones,* 70 D.P.R. 225, 229 (1949); *Wood* v. *Tribl. Contribuciones,* 71 D.P.R. 233, 235 (1950); *Descartes* v. *Tribl. Contribuciones,* 71 D.P.R. 471, 479 (1950); *Tes.* v. *Tribl. Contribuciones,* 71 D.P.R. 512, 516 (1950); *Sucn. Serrallés* v. *Tribunal Contribuciones,* 73 D.P.R. 35, 38 (1952); *Descartes* v. *Tribl. Contribuciones y Ortiz,* 73 D.P.R. 491, 497 (1952); *Tesorero* v. *Tribl. Contribuciones,* 73 D.P.R. 890, 894 (1952); *Francis* v. *Tribl. Contribuciones,* 74 D.P.R. 19, 24–26 (1952); *Bacardí Corp.* v. *Tribl. Contribuciones,* 75 D.P.R. 131, 137–138 (1953); *Flax* v. *Tesorero,* 76 D.P.R. 390, 395–396 (1954); *Emmanuelli* v. *Sec. de Hacienda,* 76 D.P.R. 950, 954–955 (1954);

■ La exención consignada en el estatuto en el presente caso se limita a los maníes, nueces, almendras y pacanas *cuando estén tenuemente laminadas con melaza o azúcar.* Excluye por lo tanto, de la exención a estos mismos productos cuando la lámina de melaza o azúcar que los cubre no es tenue. De suerte que la exención cubre las almendras laminadas con melaza o azúcar cuando la lámina es delicada, delgada y débil. Mas el tribunal sentenciador concluyó, y así lo constatamos mediante el examen de la evidencia objetiva elevada a este Tribunal, que las almendras de California introducidas por la contribuyente en Puerto Rico, están cubiertas por una capa relativamente gruesa, dura y resistente de azúcar y otros ingredientes. No son almendras *tenuemente* laminadas con melaza o azúcar, únicas exentas de tributo por la ley.

Nada hay en el estatuto que indique la intención del legislador de establecer una exención de las almendras laminadas con azúcar, que estaban en el mercado. (²) Por el contrario usó el adverbio *tenuemente*, y tenemos que darle a ese vocablo el sentido que tiene. Cuando el legislador se ha manifestado en lenguaje claro e inequívoco, como lo es el apartado (b) (6) del Art. 23, el texto de la ley es la expresión por excelencia de toda intención legislativa. *López* v. *Muñoz, Gobernador,* 81 D.P.R. 337, 346–348 (1959).

Si debe o no eximirse del pago del tributo las almendras cuando estén laminadas con melaza o azúcar aunque la lámina

---

*P.R. High School of Commerce* v. *Tribl. Contribuciones,* 77 D.P.R. 875, 879 (1955); *Compañía Ferroviaria* v. *Srio. de Hacienda,* 80 D.P.R. 524, 534 (1958); *Texas Co. (P.R.) Inc.* v. *Tribl. de Contribuciones,* 82 D.P.R. 134 (1961).

(²) En *Atiles, Admor.* v. *Comisión Industrial,* 77 D.P.R. 16–20 (1954), dijimos, que es la obligación del juzgador el hacer valer la letra de la ley, si bien no debe adoptarse una interpretación literal cuando ella resulta contraria a la intención general auténtica y al verdadero propósito del legislador y conduciría obviamente a resultados absurdos e irrazonables. Dijimos además que si el legislador ha deseado tales resultados y no hay margen en el texto de la ley para imputarle otra intención que sea más racional y justa, los tribunales no deben imponer su propio criterio de justicia y razonabilidad, y deberán entonces respetar la voluntad legislativa.

sea gruesa, dura y resistente, porque son éstas las únicas en el mercado en Puerto Rico, es cuestión que corresponde decidir a la legislatura y no a nosotros.

■ Las cortes no tienen autoridad para crear una exención mediante la eliminación de parte del lenguaje inequívoco de un estatuto fiscal. *Cf. Comunidad Fajardo* v. *Tribl. de Contribuciones*, 73 D.P.R. 543–551 (1952).

*Por las razones expuestas se revocará la sentencia dictada por el Tribunal Superior y se dictará otra declarando sin lugar la demanda.*