STANDARD COMMERCIAL TOBACCO COMPANY, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 232.—*Sometido:* Abril 3, 1950. *Resuelto:* Julio 24, 1950.

*E. T. Fiddler, José G. González y Tomás I. Nido,* abogados de la peticionaria; *Hon. Procurador General Vicente Géigel Polanco y J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal de Contribuciones de Puerto Rico dictó resolución desestimando, a moción del Tesorero de Puerto Rico, la querella establecida por la Standard Commercial Tobacco Company, Inc. sobre reintegro de ciertos arbitrios, por entender que de acuerdo con la sección 4 de la Ley núm. 169 de 15 de mayo de 1943 (pág. 601), tal y como quedó enmendada por la Ley núm. 137 de mayo 9 de 1945 (pág. 463)[1] carecía de jurisdicción para conocer del caso. Expedimos el auto en este caso para revisar dicha resolución.

Los hechos expuestos en la querella por la peticionaria son los mismos que ya había expuesto en una petición de *mandamus* que no prosperó por haber sido radicada fuera de término. Véase *Standard Comm. Tob. Co.* v. *Tribl. Contribuciones*, 68 D.P.R. 897. En síntesis, se alegó en la querella que el día 1ro. de septiembre de 1943 Axton Fisher Tobacco Co., Inc. compró en la Colecturía de Rentas Internas de San Juan, 250,000 sellos de rentas internas de un valor de 13¢ cada uno, por precio total de $32,500; que dichos sellos fueron adheridos por Axton Fisher a 250;000 cajetillas de cigarrillos que había recibido de los Estados Unidos; que después de adheridos dichos sellos, al examinar los cigarrillos con el propósito de proceder a venderlos en el mercado local, descubrió que los mismos estaban completamente dañados e inservibles para la venta y para su consumo debido a los efectos de la acción del mar sufridos durante la travesía entre Estados Unidos y Puerto Rico; que el 13 de mayo de 1944 [ocho meses después de haber adherido los

---

[1] Dicha sección, en su segundo párrafo, que es el pertinente en este caso, dispone:

"Cuando se trate de un requerimiento de pago por el Tesorero en virtud de cualquier arbitrio o contribución de licencia establecidos por las Leyes de Rentas Internas de Puerto Rico, o por la Ley de Bebidas de Puerto Rico, o por cualquier otra ley que establezca arbitrios o contribuciones de licencias, *se podrá acudir en apelación ante dicho Tribunal* [el de Contribuciones] *solamente por la persona o entidad que realmente haya sufrido el peso de pagar el arbitrio o contribución, y una alegación en tal sentido y la prueba de la misma en su oportunidad, serán considerados como requisitos jurisdiccionales.*" (Bastardillas nuestras.)

sellos y de haber descubierto que los cigarrillos estaban dañados e inservibles] Axton Fisher Tobacco Co., Inc., *"entidad que sufrió el peso del pago de la contribución de referencia"*, vendió, cedió y traspasó a la peticionaria, Standard Commercial Tobacco Co., Inc., "todo título o interés en dichos cigarrillos y *sobre las estampillas fijadas en los mismos"*; que en virtud de dicha cesión la peticionaria es dueña de los cigarrillos y de los sellos adheridos en los mismos; que desde antes de llegar a Puerto Rico los cigarrillos estaban inservibles por lo que no pudieron ni pueden ser dedicados en el mercado de Puerto Rico para su venta, uso o consumo humano; que el 26 de agosto de 1947 la peticionaria solicitó del demandado que le reintegrara la cantidad de $32,500, más $1,263.40 por concepto de penalidades, previa destrucción de dichos cigarrillos con sus sellos y el 24 de septiembre de 1947 el demandado denegó dicha solicitud; que los cigarrillos de referencia quedaron averiados y en forma inservible antes de introducirse o importarse a Puerto Rico de los Estados Unidos, y al llegar a Puerto Rico no eran ya identificables como objetos que pudiesen estar sujetos a tributación, ya que dichos cigarrillos habían perdido sus características como tales para convertirse en un objeto sin valor económico alguno; que los mismos no fueron ni pudieron ser objeto de comercio en esta isla y por lo tanto nunca estuvieron legalmente sujetos al pago de arbitrios de acuerdo con la ley.

El Tesorero formuló moción de desestimación de la querella alegando que el Tribunal de Contribuciones carecía de jurisdicción para conocer del caso "por no alegarse en la demanda que la demandante sufriera el peso del pago de la contribución en controversia", según lo requiere la sección 4 de la ley, supra.

Arguye la peticionaria que la cuestión principal a resolver en este recurso es si de acuerdo con la sección 4 de la ley solamente puede reclamar judicialmente el reintegro de unos arbitrios indebidamente pagados al Tesorero de Puerto

Rico la persona o entidad que efectivamente los pagó, aunque luego le fueron reembolsados por un tercero,([2]) o si por el contrario dicho tercero, *de probar* que sufrió el peso del pago, también tendría derecho a hacer tal reclamación. Sostiene, además, la peticionaria que de resolverse en su contra dicha cuestión, debe resolverse entonces, si no exigiendo la ley en vigor en mayo de 1944, fecha en que se hizo el traspaso a la peticionaria, que la reclamación judicial tuviera que hacerse por la persona o entidad que hizo el pago, ni exigiendo la ley que tuviera que probar que ella fué la que sufrió el peso de dicho pago, si la enmienda de 1945 introduciendo dichos requisitos puede privar a la peticionaria de su remedio a recobrar dichos arbitrios.

La segunda proposición de la peticionaria carece de méritos. El hecho de que el 13 de mayo de 1944, fecha en que la peticionaria alega que adquirió los cigarrillos, la ley creando el Tribunal de Contribuciones no contenía la limitación que a la reclamación de reintegros se adicionó por la Ley núm. 137 de 1945, no implica que se haya privado a la peticionaria de algún derecho adquirido, ya que es un principio legal bien establecido que el soberano puede imponer, en cualquier tiempo, las condiciones que estime convenientes al conceder permiso para ser demandado. Puede también retirar o limitar las condiciones ya concedidas, y esto último, aun cuando afecte a un caso ya iniciado, fallado en primera instancia y pendiente en apelación. *Mayagüez Light, P. & I. Co.* v. *Tribl. Contribuciones*, 68 D.P.R. 519 y casos en él citados, especialmente el de *Stone* v. *McKay Plumbing Co.*, 26 So.2d 349 (Miss., 1946).

La alegada fecha de la transacción entre la Axton Fisher Tobacco Co., Inc. y la peticionaria en mayo de 1944 no es la pertinente en el presente caso. Sí lo es la del 1ro.

---

([2]) Es de notarse que en ninguna parte de la querella ante el Tribunal de Contribuciones alegó la peticionaria que ella le había pagado a la Axton Fisher Tobacco Co., Inc. $32,500 o cualquier otra cantidad por los cigarrillos y los sellos.

de octubre de 1947, fecha en que la peticionaria radicó su querella ante el Tribunal de Contribuciones cuando ya estaba en vigor la Ley núm. 137 de 1945 que enmendó la sección 4, supra. Para poder ejercitar su acción la peticionaria tenía que cumplir con todos los requisitos exigidos por el soberano a la fecha en que inició la misma. Esto nos lleva a la consideración del primer punto levantado por la peticionaria.

Al quedar enmendada la sección 4 de la Ley núm. 169 de 1943 por la núm. 137 de 1945, supra, se estableció como requisito jurisdiccional para poder acudir ante el Tribunal de Contribuciones en aquellos casos en que el Tesorero de Puerto Rico deniegue el reintegro de cualquier arbitrio o contribución de licencia, que la persona o entidad presuntamente perjudicada alegue que ha "sufrido el peso de pagar el arbitrio o contribución", debiendo dicha alegación probarse "en su oportunidad". En el presente caso la peticionaria sostiene que esta disposición legal no significa lo que su texto dice sino que debemos interpretarla en el sentido de que al usarse las palabras "persona o entidad" y no la palabra "contribuyente" indica que la intención legislativa fué conceder el derecho de reclamar el reintegro a cualquier persona o entidad que haya "cargado" con el peso de la contribución aunque no haya sido ella la que la pagó al Tesorero. No podemos estar conformes. Las palabras usadas en la sección 4 son claras e indican que la intención legislativa fué limitar el consentimiento que para demandar al soberano estaba concediendo a aquellas personas o entidades que, en casos de arbitrios, hayan sufrido el peso de pagarlos. Quien sufrió dicho peso en este caso fué la Axton Fisher Tobacco Co., Inc. cuando compró los sellos el 1ro. de septiembre de 1943 y no la peticionaria al adquirirlos de aquélla el 13 de mayo de 1944. La persona o entidad a quien se refiere la ley no es otra que el contribuyente que, al ocurrir el evento tributable, sufrió el peso de pagar el arbitrio. Otra interpretación podría conceder el derecho de solicitar el reinte-

gro y luego, al serle denegado, demandar al soberano, a personas o entidades a quienes el contribuyente haya traspasado el impacto económico del arbitrio sin haber sufrido pérdida alguna al hacerlo. Esto fué precisamente lo que el legislador quiso evitar.

Habiendo la peticionaria alegado en su demanda que fué la Axton Fisher Tobacco Co., Inc. la entidad que sufrió el peso del pago de la contribución, no erró el tribunal inferior al declararse sin jurisdicción en el presente caso.

*Debe confirmarse la resolución del Tribunal de Contribuciones.*

