ISLAND PROPERTIES CO., LTD., demandante, recurrida y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado, recurrente y recurrido.

Número 12483.
*Sometido:* 22 de abril de 1960. *Resuelto:* 8 de junio de 1961.

876

J. B. Fernández Badillo, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar y J. C. Santiago Matos, Procurador Auxiliar, abogados del recurrente y recurrido; James R. Beverley y Carmen B. Hernández, abogados de la recurrida y recurrente.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La Tecon Corporation es una corporación organizada bajo las leyes del Estado de Delaware y en 22 de junio de 1952 quedó autorizada para hacer negocios en Puerto Rico. Dicha corporación se llevó la buena pro para la construcción de pistas de aterrizaje y despegue de aeroplanos, espacios de estacionamiento, ampliación y mejoramiento de pistas de aterrizaje y trabajos relacionados, en la Base Aérea Ramey

de Aguadilla.   Debía realizar dicha obra dentro del término de un año y para ello se necesitaban unas 200,000 toneladas de "hormigón de asfalto", que requerían aproximadamente 2,000,000 de galones de asfalto líquido.

El llamado "hormigón asfáltico" contiene asfalto, que a su vez es un producto de la refinación del petróleo crudo, piedra triturada a determinado tamaño y arena.   En su preparación se le aplica calor al asfalto hasta conseguir que su temperatura llegue a cerca de 337° F.   Se vierte entonces en una amasadora, en la cual se mezcla con la piedra triturada, que a su vez ha sido previamente calentada y con arena.   En esa amasadora los ingredientes se combinan bien y el producto se vierte en camiones o en recipientes para ser vaciado, apisonado y enfriado en el sitio en que habría de permanecer.   Dicho producto es duro, compacto y no contiene los componentes volátiles que había originalmente en el petróleo crudo usado en su preparación.

La Tecon Corporation decidió llevar por separado sus actividades y organizó una corporación con el nombre Tecon Quarry Incorporated para que ésta se encargara de producir el "hormigón de asfalto".   Esta nueva corporación estableció una cantera en el barrio Montaña de Aguadilla para triturar allí la piedra al tamaño deseado y un terminal en el puerto de Mayagüez para recibir el asfalto líquido.   De la cantera y el puerto de Mayagüez se llevaban los respectivos materiales a la Base Ramey y allí se hacía la mezcla en la forma ya explicada, para obtener el "hormigón de asfalto"; pero los directores de la Tecon Corporation en los Estados Unidos decidieron que comoquiera que existía una corporación que estaba haciendo un trabajo similar en el Caribe, la Island Properties Company, Limited, se encargaría a ésta la producción y suministro del "hormigón de asfalto" y se disolvería la Tecon Quarry Incorporated, como de hecho fue disuelta en octubre 18 de 1952.

La Tecon Quarry funcionó "de facto" desde junio 17 y hasta su disolución.   Durante ese período introdujo en Puerto

Rico maquinaria sobre la cual pagó arbitrios. Estos pagos fueron hechos con dinero que le anticipó la Island Properties Co., Ltd. Como la Tecon Quarry no tenía dinero para pagar a la Island Properties Co., Ltd., cedió a ésta todo el equipo, así como todos sus derechos y acciones. A su vez la Island Properties Co., Ltd., introdujo en Puerto Rico maquinaria, equipo y herramientas tributables. Fue esta última compañía la que produjo todo el "hormigón de asfalto" para usarse en la Base Ramey y el cual vendió a Tecon Corporation por la suma de $1,000,000.

En 26 de mayo de 1954, la Island Properties Company, Ltd., solicitó del Secretario de Hacienda el reintegro de los arbitrios pagados por la introducción en Puerto Rico de la maquinaria, equipo y herramienta para ser usado en la cantera del Barrio Montaña. Esta reclamación, ascendente a $8,238.68, incluía los arbitrios pagados por ella y por la Tecon Quarry Corporation. El Secretario de Hacienda concedió el reintegro de parte de los arbitrios pagados en la suma de $1,860.34 y lo denegó por la suma de $6,378.34.

Contra dicha resolución recurrió la Island Properties Company, Ltd., ante el Tribunal Superior alegando, en síntesis, que todo el equipo, artefactos, maquinaria, piezas y accesorios usados en relación con la operación de la cantera de su propiedad ubicada en el Barrio Montaña de Aguadilla, era utilizado en el funcionamiento de una planta industrial y por tanto, exento del pago de arbitrios por la sección 16-B de la Ley de Rentas Internas. Alegó además que los compresores usados en dicha cantera no eran movidos por electricidad o por gas fluido, y que por lo tanto dichos compresores estaban exentos del pago de arbitrios según la decisión emitida en el caso de *Central Coloso, Inc.* v. *Descartes, Tesorero*, 74 D.P.R. 481. Alegó también que ella había sufrido el peso del pago de la contribución.

El Secretario demandado aceptó algunos hechos y negó otros. Negó que la demandante hubiera sufrido el peso del

pago de la contribución, y que el equipo y maquinaria usado en la cantera estuviera exento del pago de arbitrios. Alegó además que los compresores movidos por fuerza que no sea eléctrica o de gas fluido, tributaban bajo el apartado 35 de la sección 16 de la Ley de Rentas Internas.

Después de celebrarse un juicio en los méritos el Tribunal Superior dictó sentencia con los siguientes pronunciamientos:

"Se sostiene al demandado en su determinación de cobrar arbitrios sobre maquinaria, artefactos, material instalado y utilizado en la cantera, propiedad de la demandante ubicada en Barrio Montaña, Aguadilla.

"Se declara con lugar la demanda en lo que a la devolución de arbitrios, que hayan sido cobrados y no se hayan devuelto todavía, sobre maquinaria, artefactos y material instalado y utilizado en la fase fabril de la confección del hormigón asfáltico, según tal fase ha sido descrita precedentemente en esta opinión.

"Se declara, asimismo, con lugar la demanda en lo que a la devolución de arbitrios sobre compresores activados por motores diesel concierne.

"Los arbitrios satisfechos por, o a nombre de, la Tecon Quarry, Inc. que, en virtud de lo que aquí resolvemos, se hallen indebidamente en el erario, por haber sido cobrados sin autoridad legal para ello, se entregarán a la entidad jurídica, la demandante, a la cual fueron transferidos, oportunamente, todos los derechos y acciones de la Tecon Quarry, Inc." (T. A., pág. 26.)

Ambas partes recurrieron ante nos contra dicha sentencia. La demandante imputa error al Tribunal Superior al sostener que el demandado tenía derecho a cobrar arbitrios sobre la maquinaria, artefactos y material instalado y utilizado en la cantera de su propiedad ubicada en el Barrio Montaña de Aguadilla. Su teoría es al efecto de que ella operaba una planta industrial en la cual manufacturaba el producto llamado "hormigón asfáltico"; que esa planta se componía de dos unidades; una, la cantera ubicada en el barrio Montaña donde se trituraba la piedra al tamaño deseado y la otra, situada en la Base Ramey, donde se mez-

claban, a determinada temperatura el asfalto líquido, la piedra y la arena, para producir el "hormigón asfáltico"; que ambas unidades constituyen una planta industrial manufacturera, estando la maquinaria, equipo y accesorios usados en la misma exentos del pago de arbitrio por la sección 16-B de la Ley de Rentas Internas [13 L.P.R.A., sec. 1070].

Dicha sección dispone en lo pertinente:

"Estará exento del pago de los arbitrios impuestos por esta ley todo ₐparato, maquinaria o equipo que sea esencial para el establecimiento y funcionamiento de plantas industriales; . . . Disponiéndose, asimismo, que por ser ésta una exención que ampara la maquinaria esencial para el establecimiento de plantas industriales, deberá entenderse aplicable sólo a la maquinaria de la fase fabril productiva del proceso industrial que intervenga con las materias primas desde el comienzo del proceso de manufactura hasta su terminación, pero incluyendo además la maquinaria, camiones o montacargas (*hoisting units*) que se utilicen exclusiva y permanentemente en la conducción de materia prima y artículos semielaborados dentro del circuito (*premises*) de la planta industrial así como el equipo que se emplee en el envase, rotulación del producto y en la preservación de éste o de la materia prima en caso de artículos perecederos; pero no amparará la maquinaria, aparatos, equipo, ni vehículos empleados en la fase administrativa, distributiva o comercial de la industria; . . . . ."

Aun aceptando, sin resolverlo, que la actividad desarrollada por la demandante en la Base Ramey consistente en la mezcla de los ingredientes que componen el llamado "hormigón de asfalto" constituya un proceso de manufactura, [1] la maquinaria usada por ella en la cantera no goza de exención contributiva. No podemos aceptar como bueno su argumento de que la extracción y trituración de piedra en el Barrio Montaña de Aguadilla, su transportación a la Base Ramey, el almacenamiento y transportación del asfalto

---

[1] Véanse, sin embargo, *People ex rel. Syracuse Improvement Co., v. Morgan*, 69 N.Y.S. 263 y *People ex rel. Fruin Bambrick Co. v. Knight*, 90 N.Y.S. 537.

líquido a dicha base, así como la mezcla de estos ingredientes mediante la maquinaria apropiada constituya una sola actividad industrial cuya exención esté cubierta por la sección 16-B de la Ley de Rentas Internas. Dicha exención ampara la maquinaria esencial para el establecimiento de plantas industriales y la limita a la maquinaria de la fase fabril productiva del proceso industrial que intervenga con las materias primas desde el comienzo del *proceso de manufactura* hasta su terminación. (²) Si la demandante efectuaba algún *proceso de manufactura*, el mismo consistía en mezclar los ingredientes del "hormigón de asfalto" en una amasadora o revolvedora en la Base Ramey. La extracción y trituración de piedra no es un proceso de manufactura bajo nuestra Ley de Rentas Internas. *Descartes, Tes.* v. *Tribl. Contribuciones*, 78 D.P.R. 90. La piedra triturada, lo mismo que el asfalto líquido y la arena son la materia prima que la demandante usaba en la preparación del "hormigón de asfalto". Si la mezcla de estos tres ingredientes se considerara como un proceso de manufactura, estaría cubierta por la exención la maquinaria utilizada en ese proceso porque dicha maquinaria sería la única de la fase fabril productiva del proceso idustrial (mezcla de ingredientes) que interviene con las materias primas desde el comienzo del proceso de manufactura hasta su terminación. Del récord surge, sin embargo, que la maquinaria, equipo y aparatos usados por la demandante en la Base Ramey no tributaron. Por otro lado, la maquinaria y equipo usado en la cantera no interviene en la mezcla de los tres ingredientes que resulta en la producción del "hormigón de asfalto". Este era el producto que la demandante vendió a la Tecon Corporation. La piedra extraída en la cantera era materia

---

(²) Cuando la ley no establecía esta limitación resolvimos en *Caparra Dairy* v. *Tribl. de Contribuciones*, 67 D.P.R. 314, que la maquinaria, equipo o aparatos esenciales para el establecimiento o funcionamiento de plantas industriales estaban amparados por la exención, aunque no se tratara de plantas industriales destinadas a manufacturar algún producto determinado.

prima y la maquinaria y equipo utilizado en la extracción y trituración de la piedra no intervenía en la conversión de dicha materia prima en el producto vendido a la Tecon. Como dijimos en *Francis v. Tribl. de Contribuciones y Tesorero*, 74 D.P.R. 19, el propósito legislativo fue circunscribir la exención tan sólo a la maquinaria de la fase fabril productiva del proceso industrial en sí, que tuviera necesariamente que intervenir con la conversión de las materias primas desde el comienzo del proceso de elaboración o manufactura hasta su terminación. Ninguna otra maquinaria que no intervenga en la conversión de las materias primas . . . quedó amparada por la exención . . ." Suponiendo pues, que la demandante manufacturaba un producto, lo hacía en la unidad ubicada en la Base Ramey que constituía su planta industrial. La Asamblea Legislativa tuvo por miras limitar la exención a la unidad que constituye la planta industrial. *Central Coloso v. Tribl. Contribuciones*, 70 D.P.R. 65.

No erró pues, el tribunal sentenciador al resolver que la maquinaria, equipo, etc., usado por la demandante en la cantera ubicada en el Barrio Montaña de Aguadilla no estaba amparado por la exención establecida en la sección 16-B ya citada.

Pasemos a considerar el recurso del demandado.

■■ Sostiene que el tribunal sentenciador cometió error al no resolver que la demandante no tiene personalidad y/o causa de acción alguna para solicitar el reintegro. Funda este señalamiento en que (1) la mayor parte de la maquinaria y equipo fue introducido en Puerto Rico por la Tecon Quarry, Inc., habiendo sido esta corporación la que pagó los arbitrios y sufrió el peso de dicho pago, y la única contribuyente con derecho a reclamar el reintegro de los arbitrios pagados, y (2) que la cesión del crédito hecho por dicha corporación a la demandante es nula e ineficaz en derecho.

Las partes estipularon que de la suma total de arbitrios

envueltos, ascendente a $8,238.68, la cantidad de $3,329.99 son arbitrios que recaen sobre maquinaria o equipo declarados por la demandante, Island Properties Corporation y que de esta última suma el Secretario de Hacienda había recomendado el reintegro de $328.33. La cantidad restante corresponde a arbitrios impuestos sobre maquinaria y equipo declarados por la Tecon Quarry, Inc. Pero como la demandante reclama el reintegro de la suma total de los arbitrios, debemos determinar si la cesión del crédito hecha por la Tecon Quarry, Inc., a la demandante es válida en vista de que el tribunal a quo ordenó el reintegro a dicha demandante de los arbitrios cobrados indebidamente a la Tecon Quarry, Inc.

Tiene razón el demandado en este planteamiento. La demandante no es la contribuyente ni tampoco sufrió el peso del pago de los arbitrios impuestos sobre la maquinaria y equipo introducido en Puerto Rico por la Tecon Quarry, Inc. Si bien la demandante anticipó dinero a la Tecon Quarry para el pago de dichos arbitrios, ese hecho no la convertía en la contribuyente cuando ocurrió el suceso tributable. Entre ambas entidades se creó una relación de acreedor y deudor. Tan es así que la cesión hecha por la Tecon Quarry a la demandante tuvo por causa las cantidades que la última había anticipado a la primera. Dicha cesión no convertía a la demandante en la contribuyente. La Ley Núm. 232 de 10 de mayo de 1949 [13 L.P.R.A., sec. 261] concede el derecho a solicitar el reintegro de contribuciones pagadas o cobradas ilegal o indebidamente o en exceso de la cantidad debida, *al contribuyente* y le autoriza para recurrir ante el Tribunal Superior contra una denegatoria de reintegro del Secretario de Hacienda. Sólo podrá recurrir ante dicho tribunal la persona que haya sufrido el peso del pago de la contribución en discusión; y una alegación en tal sentido y la prueba de la misma en su oportunidad serán consideradas requisitos sin el cumplimiento de los cuales el

Tribunal Superior no tendrá facultad para fallar el asunto. La demanda en este caso contiene la alegación pertinente y necesaria a ese efecto pero la prueba, según hemos visto, no sostiene tal alegación.

Una cuestión similar a ésta ha sido ya resuelta en otras ocasiones a favor del Secretario de Hacienda. *Pedro A. Pizá, Inc.* v. *Tribl. Contribuciones y Tes.*, 72 D.P.R. 320; *Standard Commercial Tobacco Co.* v. *Tribl. de Contribuciones*, 71 D.P.R. 749.

■■ El tribunal sentenciador resolvió correctamente que los compresores de aire que no sean movidos por la electricidad o por gas fluido no tributaban bajo la Ley de Rentas Internas. *San Miguel & Co., Inc.* v. *Secretario de Hacienda*, ante, pág. 680, resuelto en 18 de mayo de 1961. Ahora bien, no surge del récord con suficiente claridad el número de compresores introducidos por la demandante, ni la cantidad de arbitrios pagados por ella por dicha introducción. Aparentemente ella pagó algunos arbitrios por ese concepto y sufrió el peso de dicho pago. Siendo ello así, la demandante tiene derecho al reintegro de los arbitrios pagados por ella por la introducción de compresores de aire movidos por fuerza que no sea la electricidad o el gas fluido. No tiene derecho, sin embargo, según ya hemos dicho, al reintegro de los arbitrios pagados por la introducción de los compresores declarados por la Tecon Quarry, Inc. aunque la demandante hubiera anticipado el dinero a esta última corporación para pagar dichos arbitrios.

*La sentencia dictada por el Tribunal Superior será modificada en el sentido de ordenar al Secretario de Hacienda que reintegre a la demandante únicamente los arbitrios pagados por ésta sobre los compresores de aire movidos por fuerza que no sea la electricidad o el gas fluido, introducidos y declarados por dicha demandante, y así modificada, será confirmada.*