BARING INDUSTRIES, demandante y recurrida, *v.* ÁNGEL RIVERA, SECRETARIO DE HACIENDA, demandado y recurrente.

*Número*: R-70-337      *Resuelto*: 14 de diciembre de 1973

*Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrente; *Elmer Toro Lucchetti* y *T. H. Parke, Jr.,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La recurrida Baring Industries, una corporación organizada bajo las leyes del estado de Florida que se dedica a la venta de equipo de lavanderías embarcó hacia Puerto Rico una planchadora comercial (*flatwork ironer*) dirigida al "Hotel El Conquistador" en Fajardo. El valor de dicho artefacto era de $11,491.02.

A la llegada del equipo a Puerto Rico el Secretario de Hacienda determinó que se trataba de un aparato eléctrico el cual pagaba impuestos bajo la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, 13 L.P.R.A. sec. 4001 *et seq.,* sec. 4022. La aquí recurrida por medio de su representante en Puerto Rico pagó el tributo impuéstole ascendente el mismo a la suma de $2,898.13. De dicha suma $2,275.00 correspondían al impuesto sobre la planchadora propiamente,

correspondiendo la diferencia a dos motores eléctricos que formaban parte del equipo.

Posteriormente la aquí recurrida Baring Industries solicitó del Secretario de Hacienda el reintegro de la suma de $2,275.00 aduciendo que el equipo en cuestión no era un equipo eléctrico y sí uno cuya función principal se realiza mediante vapor. Ante la negativa del Secretario de Hacienda a conceder el reintegro solicitado la recurrida radicó demanda ante el Tribunal Superior en solicitud del mismo. En su contestación a la demanda el Secretario de Hacienda levantó como defensa que la aquí recurrida no tenía capacidad legal para interponer la reclamación en cuestión ya que el contribuyente lo era el Hotel "El Conquistador". Alegó además el Secretario que el equipo en cuestión funciona principalmente mediante el uso de electricidad.

El tribunal de instancia declaró con lugar la demanda de reintegro luego de determinar que la función principal del equipo en cuestión es el planchado de ropas mediante el uso de vapor y no de electricidad. En cuanto a la capacidad legal de la recurrida para solicitar el reintegro determinó el tribunal que la recurrida sufrió el peso de la contribución lo que le daba derecho a acudir al tribunal a solicitar el reintegro aludido.

Recurre el Secretario de Hacienda ante nos señalando dos errores alegadamente cometidos por el tribunal de instancia. En primer lugar señala que el tribunal erró al determinar que la planchadora no es un aparato eléctrico sujeto al impuesto que establece la ley, lo cual es contrario a la prueba documental presentada que demuestra que ocho motores eléctricos forman parte del equipo en cuestión. En segundo término señala que el tribunal erró al concluir que la recurrida es la contribuyente con capacidad legal para reclamar el reintegro de los arbitrios pagados.

No será necesario que entremos en la discusión del primer señalamiento de error ya que el segundo dispone del caso.

■ El Art. 60(a)(1) de la Ley de Impuestos sobre Artículos de Uso y Consumo (13 L.P.R.A. sec. 4060(a)(1)) establece quién será considerado como el contribuyente cuando se trata de introducciones directas a Puerto Rico. Dicha disposición expresa en lo pertinente lo siguiente:

"§ *4060. Objetos tributables por la sec. 4010*

En el caso de objetos sujetos a los impuestos establecidos en la sec. 4010(1) de este título, la responsabilidad contributiva y el tiempo para el pago del impuesto se regirán por las siguientes reglas:

"(a) *Introducciones Directas.* En el caso de artículos introducidos en Puerto Rico en cualquier forma:

"(1) *Contribuyente.* El contribuyente será, excepto según se provee en el apartado (d) de esta sección:

"(a) *si el artículo viene consignado directamente a un consignatario—el consignatario;".* (Énfasis suplido.)

La prueba demuestra que el equipo en cuestión vino consignado directamente al "Hotel El Conquistador" y por tanto el contribuyente. Sobre dicha entidad consignataria recaía la responsabilidad del impuesto. El hecho de que la recurrida Baring Industries pagara el referido impuesto en lugar del contribuyente de acuerdo a un convenio que realizara con éste no convierte a la recurrida en la contribuyente al ocurrir el suceso tributable. Véase *Island Properties Co.* v. *Srio. de Hacienda,* 82 D.P.R. 875, 883 (1961).

La Ley Núm. 232 de 10 de mayo de 1949, según enmendada (13 L.P.R.A. sec. 261 *et seq.*), concede al *contribuyente* el derecho a solicitar el reintegro de contribuciones pagadas o cobradas ilegal o indebidamente o en exceso de la cantidad debida y autoriza al *contribuyente* para recurrir ante el Tribunal Superior contra una denegatoria de reintegro del Secretario de Hacienda. *Island Properties Co.* v. *Srio. de Hacienda,* supra, pág. 883.

---

(1) Los impuestos en cuestión fueron impuestos bajo la Sec. 4010 aludida. Véase 13 L.P.R.A. secs. 4010, 4022.

Aun bajo la anterior ley que regulaba el procedimiento de reintegro (Ley Núm. 169 de 1943, sec. 4, según enmendada por la Núm. 137 de 1945) la cual establecía como requisito jurisdiccional para acudir al antiguo Tribunal de Contribuciones que la *persona* o *entidad* perjudicada alegare que había sufrido el peso de la contribución, resolvimos que cuando la Legislatura usó las palabras persona o entidad necesariamente se refería al contribuyente y no a cualquier persona. *Standard Comm. Tob. Co.* v. *Tribl. Contrib.*, 71 D.P.R. 749 (1950).

■ Igualmente en el caso de *Pedro A. Pizá, Inc.* v. *Tribl. Contribuciones y Tes.*, 72 D.P.R. 320 (1951), resolvimos que son dos los requisitos para instar la acción de reintegro, a saber: (1) el pleito debe ser instado por el contribuyente; (2) éste debe haber sufrido el peso de la contribución. En dicho caso resolvimos que ninguno de los dos reclamantes interesados en el reintegro cumplían con los dos requisitos antes mencionados ya que el contribuyente pasó a otro el peso de la contribución mientras que quien sufrió el peso económico de la contribución no era el contribuyente.

■ En el caso de autos si bien la recurrida sufrió el peso de la contribución por razón del contrato que hizo con la contribuyente, no era ella la contribuyente a quien el Estado ha autorizado a reclamar el reintegro de la contribución mediante la Ley Núm. 232 de 1949, según enmendada (13 L.P.R.A. sec. 261 *et seq.*).

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en este caso y se dictará otra desestimando la demanda.*