ATLANTIC AND NORTH CAROLINA RAILROAD COMPANY
v. CITY OF NEW BERN and J. J. TOLSON, tax collector.

(Filed 18 March, 1908).

1. Property — Assessments for Taxes — Ad Valorem — Corporation
   Commission—Constitutional Law.
      Revisal, sec. 5290, providing for the assessment of railroad prop-
   erty by the Corporation Commission, is not in conflict with section
   3, Article V of the State Constitution, providing that such assess-
   ment be uniform and *ad valorem*.

2. Railroads—Rights of Way—Charter Provisions—Evidence—Ques-
   tions for Jury.
      When the only evidence tends to show that the charter of a
   railroad corporation provided that it could acquire a right of way
   extending 100 feet upon each side of a definite line, and that the
   location of the right of way at the place in question had not been
   changed since originally acquired, it is sufficient to support a find-
   ing by the jury that the present right of way extended 100 feet
   upon each side of said line.

3. Railroads—Assessments—Corporation Commission, Property As-
   sessed by—Constitutional Law.
      The roadbed, right of way and superstructures thereon, main
   and side tracks, depot buildings and depot grounds, etc., by rea-
   sonable interpretation and under constitutional powers, are in-
   cluded in the language of Revisal, sec. 5290, delegating to the Cor-
   poration Commission the power to assess railroad properties, and
   such are excluded from the powers of local tax assessors.

ACTION tried before *Lyon, J.,* at November Term, 1907,
of CRAVEN.

This is an action brought by the plaintiff to enjoin the
defendants from collecting certain taxes assessed and levied
upon plaintiff's property in the city of New Bern by the
tax assessors of said city, and claimed to be in violation of
section 5290 of the Revisal, regulating the assessment of rail-
road property and providing when and how the said assess-
ments shall be made.

The Judge of the Superior Court, by consent, found all the
facts and rendered his judgment enjoining the defendants
from collecting the tax.  From the judgment rendered the
defendants appealed.

*P. M. Pearsall* and *W. W. Clark* for plaintiff.
*W. D. McIver* and *E. M. Green* for defendants.

BROWN, J.    It was suggested on the argument by the
learned counsel for defendants that the method provided by
law for the ascertainment of the monetary value of railroad
property is in conflict with section 3, Article V of the Consti-
tution, which provides that "laws shall be passed taxing by a
uniform rule all moneys, credits, etc., and also all real and
personal property, according to its true value in money."

In the absence of any authority cited in support of such
contention, we deem it only necessary to notice it briefly in
passing.    The section of the Constitution in question is man-
datory in requiring that taxation upon the property mentioned
in it shall be *ad valorem,* and that whatever tax is levied shall
be uniform in its application.    It is in no sense a limitation
upon the power of the General Assembly to provide the ma-
chinery by which the "true value in money" of various kinds
of property may be best ascertained.

The General Assembly has enacted what is apparently a
very well-considered method for ascertaining the true value
of the property of railroad and other companies exercising the
right of eminent domain, but nowhere in the act does it under-
take to tax such property except upon an *ad valorem* basis and
by a uniform rule, as all other property is taxed.    While the
valuation is ascertained and reported to the municipal authori-
ties by the Corporation Commission, the tax itself is levied
and collected by the former, by the same method and at same
rate of taxation applicable to all property.

The Legislature doubtless profited by the experience of
other States, and concluded that the true value of the property
of railways and other public service corporations was more
likely to be accurately ascertained by a central commission
charged especially with that particular duty than by innumer-
able tax assessors scattered all over the State, whose technical
knowledge of the value of such property must necessarily be

limited.   While the method devised provides for assessing the value of such property, it does not inaugurate a method of taxation which is not uniform and not based on actual value, nor does it provide for levying a tax rate upon the property of such corporations greater than that levied on all property. This method of determining the true value in money of their real and personal property applies to all public service corporations alike, and the fact that local assessors are given authority to value the property of individuals at their places of residence does not make the tax levied upon such assessments any the less uniform.

A tax is uniform when it is equal upon all persons belonging to the described class upon which it is imposed.   *Gatlin v. Tarboro,* 78 N. C., 119; Burroughs on Taxation, sec. 77, pp. 147-159.

Coming to consider the exceptions appearing in the record, we find the principal objections to relate to the finding of the Judge as to the right of way and to the construction which he placed upon this legislative enactment.

His Honor first found as a fact that the right of way of the plaintiff from the north side of Queen Street through the city of New Bern northwardly and westwardly is 100 feet from the center of the railway track on each side.   The exception of the defendants to this finding, that it is not supported, is untenable.   The finding is in accord with plaintiff's charter (section 26), as follows: "The right of said company to condemn lands in the manner described in the twenty-fifth section of this act shall extend to the condemning of 100 feet on each side of the main track of the road, measuring from the center of the same, unless in deep cuts and fillings, when the said company shall have power to condemn as much in addition thereto as may be necessary for the purposes of constructing said roads," etc.

This provision authorizes the road to acquire 100 feet on each side of its main track as a right of way.   The evidence

of J. D. Whitford and William Dunn proves that the road had been built in 1858, and that its main line was then located practically where it now is. Upon these facts the law presumes that the road has acquired the right of way which it was authorized to acquire by its charter, to-wit, 100 feet on each side of its main line. This is not left to conjecture, for section 27 of the charter of the plaintiff expressly so provides, and similar provisions have been frequently before the courts. *Railroad Co. v. McCaskill,* 94 N. C., 746; *Olive v. Railroad,* 142 N. C., 257.

The other findings of fact appear to be equally well sustained by proof. The other exceptions of the defendants which we deem it necessary to notice are those to his Honor's conclusions of law, involving the construction of the law under which railway and other public service corporations are required to list their property for taxation.

The statute is embraced in the Laws of 1901, ch. 7, sec. 48, now section 5290, Revisal 1905, and reads as follows: "The number of miles of such railroad lines in each county in this State, and the total number of miles in the State, including the roadbed, right of way and superstructures thereon, main and side tracks, depot buildings and depot grounds, section and tool houses, rolling stock and personal property necessary for the construction, repair or successful operation of such railroad lines, including, also, if desired by the North Carolina Corporation Commission, Pullman or sleeping cars owned by them or operated over their lines: *Provided, however,* that all machine and repair shops, general office buildings, storehouses and also real and personal property outside of said right of way and depot grounds, as aforesaid, of and belonging to any such railroad companies, shall be listed for purposes of taxation by the principal officers or agents of such companies with the list takers of the county where the real and personal property may be situated, in the manner provided by law for the listing and valuation of real and personal property."

His Honor held that the roadbed, right of way and super-structures thereon, main and side tracks, depot buildings and depot grounds, etc., are to be listed with the Corporation Commission, and that the word "superstructures" covers all buildings situated on the right of way. This construction gives to the language of the statute that meaning which is not only easily borne out by the words, but consistent with the evident purpose of the General Assembly to commit to a commission of competent experts the duty of determining the monetary value of the roadbed, right of way and all that is on it. If the local assessors were permitted to invade the boundary of the right of way and assess permanent structures used for railroad purposes situated thereon, much confusion would ensue. As it is, the line of demarcation is well drawn by the act between the jurisdiction of the Corporation Commission and that of the local assessor.

This is the construction, we are informed, which has been given to the act by the Commission itself, and acted upon generally throughout the State since the law was first enacted.

Upon a review of the entire record we find no error in the findings or rulings of the Judge below, and his judgment is

Affirmed.