EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Francisco Levy, Hijo, Inc.<br>        Apelante<br><br>        v.<br><br>Municipio de Manatí<br>        Apelado | Certiorari<br><br>2000 TSPR 84 |
| --- | --- |

Número del Caso: AC-1999-0028

Fecha: 12/junio/2000

Tribunal de Circuito de Apelaciones: Circuito Regional III

Juez Ponente: Hon. Carmen Ana Pesante Martínez

Abogado de la Parte Apelante:

        Lcdo. José Luis Vilá Pérez

Abogado de la Parte Apelada:

        Lcdo. José E. Colón Santana

Materia: Acción Civil

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**Francisco Levy, Hijo, Inc.**

    Apelante

      vs.                     AC-99-28     APELACIÓN

Municipio de Manatí

    Apelado

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

**San Juan, Puerto Rico, a 12 de junio de 2000**

**El 23 de enero de 1996, la Autoridad de Carreteras y Transportación de Puerto Rico adjudicó subasta a favor de Francisco Levy Hijo, Inc. (en adelante, "Levy") para la construcción de un tramo del Expreso de Diego que discurría por el Municipio de Manatí. Luego de terminada la obra, el Municipio le notificó a Levy una determinación final de deficiencia, en el pago de arbitrios sobre la construcción del proyecto, por la suma de $105,192 más intereses, penalidades y recargos por la cantidad inicial de $47,336. El arbitrio fue calculado conforme a las**

**disposiciones de la Ordenanza Núm. 30, Serie 1994-95, de ese Municipio, ascendiendo al 2.5% del precio del contrato de construcción.**

Levy se negó a pagar el arbitrio e instó demanda sobre sentencia declaratoria contra el Municipio de Manatí ante la Sala Superior de Arecibo del Tribunal de Primera Instancia en solicitud de la anulación de la imposición de los arbitrios. El tribunal de instancia dictó sentencia favorable a Levy. Insatisfecho, el Municipio de Manatí apeló al Tribunal de Circuito de Apelaciones y alegó, en lo pertinente al recurso hoy ante nuestra consideración, que erró el tribunal de instancia al resolver que el cobro de arbitrios de construcción constituía una doble tributación prohibida por ley.

**El Tribunal de Circuito de Apelaciones revocó; concluyó que el caso de marras no es uno de doble tributación pues la Asamblea Legislativa facultó a los municipios para que, además de imponer patentes sobre el monto del volumen de negocios llevados a cabo por una**

entidad dentro de su municipio, pudiera también imponer arbitrios de construcción sobre el costo total o el valor de toda obra de construcción, efectuada dentro de los límites municipales. Ello implica, según el Tribunal de Circuito de Apelaciones, que quien se dedique a la industria de la construcción en Puerto Rico tiene que incluir en su declaración de patente municipal, según lo requieran las ordenanzas pertinentes, el valor de la obra además de pagar un arbitrio de construcción, si así lo ha requerido el municipio mediante ordenanza a esos efectos, que puede extenderse sobre todo el costo de la obra al tipo impuesto en las respectivas ordenanzas municipales, siempre que el mismo sea razonable.

De esta sentencia Levy recurrió ante este Tribunal, alegando que erró el tribunal apelativo intermedio al determinar que el Municipio tiene facultad para imponer el arbitrio de construcción computado sobre todos los costos de construcción, en violación a la prohibición expresa de la Sección 2004 del Código de Rentas Internas de Puerto Rico de 1994 y en abierta contradicción con lo decidido por este Tribunal en San Miguel & Cía. v. Diez de Andino, Tes., 71 DPR 344 (1950).[1]

---

[1] En ese caso anulamos un arbitrio municipal a base de que constituía un esquema impermisible de doble tributación sobre un mismo evento económico. Luego, en Las Piedras Construction v. Municipio de Dorado, 134 D.P.R. 1018 (1994), dispusimos que, al menos hasta que entrara en vigor la Ley Núm. 93 de 17 de noviembre de 1992, la Ley de Patentes, vigente desde el 1974, no lo autorizaba.

Para Levy no cabe discusión sobre el hecho de que un municipio tiene autoridad suficiente para imponer un arbitrio de construcción además de la patente municipal sobre el proyecto; esto es, Levy admite que el Municipio tiene tal facultad, pero acentúa que ésta no es la controversia planteada en el caso de marras, ni la razón para decidir del tribunal de primera instancia. Argumenta Levy que dicho foro judicial lo que determinó fue que la Sección 2004 del Código de Rentas Internas de Puerto Rico de 1994 prohibe a los municipios de Puerto Rico gravar con un arbitrio local cualquier artículo sujeto a contribución bajo la ley estatal.

A esos efectos, argumenta Levy que computar un arbitrio de construcción basado en el costo total de la obra equivale en parte a gravar doblemente la partida relativa al costo de materiales de construcción, pues los mismos son objeto directo de tributación estatal. Levy sostiene que la Sección 2004 del Código de Rentas Internas de 1994 requiere que el Director de Finanzas municipal deduzca, de la suma de todos los costos incurridos en la construcción de la obra, el costo de los materiales usados o consumidos en la misma a fin de determinar el arbitrio a pagar.

Expedimos el recurso. Estando en posición de resolver el mismo, procedemos a así hacerlo.

## I

En la Constitución del Estado Libre Asociado de Puerto Rico se dispone que "[e]l poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido."[2] Queda claro, entonces, que los municipios no tienen un poder inherente, independiente del Estado, para imponer contribuciones.[3] En atención a dicho decreto constitucional la Asamblea Legislativa ha aprobado varias leyes que regulan la facultad municipal para recaudar impuestos. Entre estas leyes contamos con la Ley de Municipios Autónomos, tal como fue aprobada en 1991, que concedía el poder a los municipios para:

> "[...]imponer y cobrar contribuciones o tributos por los conceptos y en la forma que a continuación se establece:
> [...]

---

[2] 1 L.P.R.A. Art. VI, sec. 2.

[3] Valga aclarar que en Puerto Rico no existe una prohibición constitucional a la doble tributación; sin embargo, la intención legislativa imponiéndola debe ser clara y explícita, ya que nunca se presume. Las Piedras Construction Corp. v. Municipio de Dorado, res. el 28 de enero de 1994, 134 D.P.R. 1038 (1994). Hemos dicho que estamos ante un caso de doble tributación cuando el arbitrio recae sobre la misma propiedad, es impuesto por la misma entidad gubernamental, durante el mismo período contributivo y, para el mismo fin. Monllor & Boscio, Sucrs. v. Sancho Bonet Tes., 61 D.P.R. 67, 69 (1942). Sin embargo, el examen de estos indicadores no es el método exclusivo para determinar si existe o no doble tributación. Deberá observarse el efecto real, práctico-económico, de la imposición del arbitrio. Véase Sucn. Giusti v. Tribl. De Contribuciones, 70 D.P.R. 117 (1949); y San Miguel & Cía. v. Diez de Andino, Tes., 71 D.P.R. 344 (1950).

(d) Imponer    y    cobrar    contribuciones,
derechos, licencias, <u>arbitrios de construcción</u> y
otros  arbitrios  e  impuestos,  <u>tasas  y  tarifas
razonables</u> dentro  de  los  límites  territoriales
del  municipio,  <u>compatibles  con  las  Leyes  del
Estado Libre Asociado de Puerto Rico,</u> incluyendo,
sin  que  se  entienda  como  una  limitación,  por  el
estacionamiento  en  vías  públicas  municipales;  por
la   apertura   de   establecimientos   comerciales,
industriales  y  de  derribo  de  edificios;  por  la
ocupación  de  vías  públicas  municipales  y  por  el
recogido   y   disposición   de   desperdicios."[4]
(Énfasis suplido.)

La  letra  de  la  ley  era  clara  y  tajante  en  cuanto  al
poder  concedido  a  los  municipios  para  cobrar  arbitrios
sobre  las  obras  de  construcción  dentro  de  sus  límites
territoriales.  La  gran  limitación  al  poder  impositivo
municipal,  reconocido  en  la  Ley  de  Municipios  Autónomos,
era  el  requisito  obvio  y  expreso  en  la  ley  de  que  la
contribución  fuera  compatible  con  las  leyes  del  Estado
Libre  Asociado  de  Puerto  Rico.  El  Código  de  Rentas
Internas  de  1994,  <u>cuya  aprobación  es  posterior  a  la  Ley  de
Municipios  Autónomos,  pero  anterior  a  la  enmienda  de  la
Sección  4052  de  la  Ley  de  Municipios  Autónomos  citada</u>,  por
su  parte,  en  la  sección  2004[5]  dispone  que:

<u>"A  partir  de  la  fecha  de  vigencia  de  esta
Parte  ningún  municipio  o  división  administrativa
del  Gobierno  del  Estado  Libre  Asociado  de  Puerto
Rico  podrá  imponer  o  recaudar  ningún  arbitrio
local  sobre  cualquier  artículo  sujeto  al  pago  de
impuesto  bajo  las  disposiciones  de  esta  Parte.</u>  Se
<u>exceptúa</u>  de  esta  disposición  la  contribución
sobre  el  volumen  de  negocio  autorizada  por  <u>las
secs.  651  et  seq.  del  Título  21,  conocidas  como
"Ley  de  Patentes  Municipales"</u>,  cuya  imposición
por  los  municipios  queda  expresamente  autorizada,

---

[4] 21 L.P.R.A. sec. 4052.

[5] 13 L.P.R.A. sec. 9004.

> debiendo incluirse en el volumen de negocios las operaciones mercantiles sobre los artículos gravados por esta Parte. No obstante cuando la aplicación de la Ley de Patentes Municipales, conjuntamente con la aplicación de esta Parte, produzca una situación contributiva insostenible por infringir alguna prohibición constitucional, si dicha situación resulta constitucional mediante la imposición y cobro de uno solo de los impuestos, prevalecerá la contribución estatal." (Énfasis suplido)

Es evidente que el Código de Rentas Internas pretendió exceptuar de la imposición de arbitrios municipales a todo artículo o actividad gravada por reclamos contributivos estatales. La letra de la sec. 2004 de ese Código aprobado en 1994, y la cual sigue vigente, decreta tajantemente que "[a] partir de la fecha de vigencia" de dicho subtítulo "ningún municipio" "podrá imponer o recaudar ningún <u>arbitrio</u> local sobre cualquier artículo sujeto al pago de impuesto" bajo las disposiciones de dicho Código. Tan tajante es la prohibición que dicha sección expresamente consigna la <u>única excepción</u> a la regla: queda vigente lo dispuesto en la Ley de Patentes Municipales, Ley Núm. 113 de 10 de julio de 1974, según enmendada, sobre la autorización para cobrar patentes sobre el "volumen de negocios" en cuyo concepto se incluyen las operaciones mercantiles sobre los artículos ya gravados por la ley estatal.

En fin, la ley vigente al momento de perfeccionarse el contrato aquí en controversia permitía a los municipios cobrar patentes por obras de construcción basados en el montante del "volumen de negocios", aunque incidentalmente

se incurriese en una exigencia de doble tributación en el cobro de patente. Siendo así, si en el caso que nos ocupa, en lugar de tratarse del cobro de arbitrios de construcción, se tratase de patentes por negocio de construcción, el monto de la patente podría legítimamente recaer sobre el volumen de negocio; incluyéndose lo gastado en materiales de construcción en el cálculo de dicho volumen de negocio sin importar el hecho de que sobre dichos materiales --entre los que se cuenta el cemento-- se hubiese pagado un impuesto estatal.

Ello es así pues la Ley de Patentes Municipales define el término "volumen de negocios" como "los ingresos brutos que se reciban o se devenguen por la prestación de cualquier servicio, por la venta de cualquier bien, o por cualquier otra industria o negocio [...]"[6] Pudiera decirse que la Ley de Patentes Municipales era, y es, una ley privilegiada en el sentido de ser <u>una excepción</u> al principio de prohibición de doble tributación. Tal era la situación de las patentes al momento de perfeccionarse el contrato del caso de marras y tal sigue siendo la situación en la actualidad. <u>Sin embargo el caso que nos ocupa es distinto al cobro de patentes: el mismo no se rige por la Ley de Patentes Municipales</u>.

En el caso de marras, Levy impugna la acción por parte del Municipio de Manatí, de imponer <u>arbitrios</u> sobre el costo total de una obra de construcción acordada en

_____

enero de 1996, incluyéndose en ese cómputo el costo de los materiales. No se trata aquí de impugnar el cobro de **patentes** sobre el "volumen del negocio" de construcción, lo cual estaba y está expresamente protegido por el Código de Rentas Internas, aun para permitir la doble tributación. El Código de Rentas Internas, desde 1994, era claro al prohibir la doble tributación mediante la forma de **arbitrios municipales**.

De ahí que cuando la Ley de Municipios Autónomos, en el 1991, al referirse al poder de los municipios para imponer y cobrar arbitrios de forma compatible con las leyes del Estado Libre Asociado, prohibía que los municipios impusiesen una doble tributación en forma de arbitrios. No existía en la Ley de 1991 de Municipios Autónomos, ni en el Código de Rentas Internas, para la fecha del 23 de enero de 1996, ningún trato legislativo preferencial sobre los arbitrios municipales en lo respectivo al asunto de la doble tributación. La norma general de la prohibición de la doble tributación regía para entonces.

No fue sino hasta el 6 de septiembre de 1996, que se aprobaron enmiendas a la Ley de Municipios Autónomos y mediante la Ley de Arbitrios Municipales, Ley Núm. 199 de 6 de septiembre de 1996, se hizo constar que:

> "[...]
> Para los propósitos de la determinación del arbitrio de construcción, el costo total de la obra será el costo en que se incurra para

---

[6] **21 L.P.R.A. sec. 651 (a).**

> realizar el proyecto luego de deducirle el costo
> de adquisición de terrenos, edificaciones ya
> construidas y enclavadas en el lugar de la obra,
> costos de estudios, diseños, planos, permisos,
> consultoría y servicios legales."[7] (Énfasis
> suplido.)

**La definición de "costo total" de la obra de construcción[8], según la Ley de Municipios Autónomos enmendada el 6 de septiembre de 1996, autoriza a incluir en su cómputo el costo de los materiales, tales como el concreto. Sin embargo, no puede ser por virtud de esta ley que el Municipio de Manatí aprobó la Ordenanza Núm. 30, serie 1994-95, bajo cuyo amparo reclama el pago del arbitrio que nos ocupa, pues la ordenanza fue aprobada años antes de que la legislatura expresamente creara otra excepción a la prohibición de doble tributación. Durante los años 1994 y 1995 ningún municipio, bajo el estado de derecho de entonces, tenía autoridad para imponer un arbitrio que gravase directa o indirectamente un artículo previamente gravado por el Estado. Según esta ordenanza, el constructor en terrenos municipales vendrá obligado a pagar al municipio por toda obra de construcción en concepto de arbitrios el 2.5% del costo total de la obra.**

**Es justamente en el Código de Rentas Internas que el Estado Libre Asociado impone una contribución sobre todo cemento hidráulico o sustituto de éste fabricado localmente**

---

[7] **21 L.P.R.A. sec. 4052.**

[8] **Para efectos de esta ordenanza el término "obra de construcción incluye" "[c]ualquier obra de construcción,**

o introducido en Puerto Rico por traficantes o fabricantes locales autorizados por ley, y en el caso del cemento importado para consumo propio por personas que no sean traficantes.[9] Por otra parte el mismo Código disponía en su sec. 9005 que se impondrá, cobrará, y pagará un arbitrio sobre el cemento fabricado localmente o introducido en Puerto Rico. Tal impuesto deberá ser pagado, en primera instancia, por el consignatario[10] o por el fabricante en caso de que el artículo sea fabricado en Puerto Rico.[11]

Esto nos lleva a la conclusión de que, al menos desde que se aprobó el Código de Rentas Internas de 1994 hasta el 6 de septiembre de 1996, dado el caso en que se hubiesen pagado impuestos estatales relativos al cemento hidráulico, esto es, utilizado en una obra, de tenerse que posteriormente calcular el monto del costo total de la obra para fines de tributar sobre él, incluyéndose el costo del cemento ya gravado, al pagar tal contribución se estaría pagando un <u>segundo tributo</u> sobre el costo del cemento hidráulico: mediante un impuesto estatal originalmente y mediante un impuesto municipal, en segunda instancia, sobre lo que Levy pagó por el cemento ya gravado. Tal esquema sería contrario al Código de Rentas Internas de 1994 que privaba sobre la Ley de Municipios Autónomos de 1991.[12]

---

incluyendo las relacionadas a la infraestructura, llevada a cabo por contratistas privados o particulares [...]".
[9] Véase 13 L.P.R.A. sec. 9008.
[10] Véase 13 L.P.R.A. sec. 9069.
[11] *Ante.*
[12] Claro está, en septiembre de 1996, con posterioridad al perfeccionamiento del contrato de construcción del caso de

Es evidente que el Municipio de Manatí actuó de forma contraria a la ley al calcular el arbitrio de construcción incluyendo el monto de los gastos de materiales para establecer su cuantía. Ya hemos dicho que para determinar la legalidad de una contribución, no es relevante su forma, nombre o definición, sino su efecto práctico y consecuencias en su aplicación y funcionamiento. Las Piedras Construction Corp. v. Municipio de Dorado, res. el 28 de enero de 1994, 134 D.P.R. 1038 (1994); Maristany v. Secretario de Hacienda, 94 D.P.R. 291, 300 (1967); C.H. Vehicle Leasing v. E.L.A., 107 D.P.R. 94, 101-102 (1978).

No cabe duda de que el juez de instancia actuó correctamente al determinar que tanto el arbitrio de construcción como el arbitrio estatal afectan la misma actividad económica que Levy llevó a cabo en el Municipio. Nótese que el contratista de obra es un poseedor de materiales y servicios. Esos materiales, a su vez, están sujetos al arbitrio estatal por disposición expresa de la Sección 2005 del Código de Rentas Internas. Mediante la imposición del arbitrio de construcción a Levy, computado a base del costo total del proyecto, el Municipio grava los materiales de construcción que se instalarán en la obra. Su claro efecto práctico es imponer un arbitrio adicional a los artículos gravados por la ley estatal, igual que lo

---

marras, la Ley de Municipios se enmendó para permitir que el arbitrio de construcción se extendiese sobre el costo total del proyecto, incluyéndose para el cálculo lo gastado en materiales de construcción independientemente de que ya se hubiese tributado sobre ellos.

hizo el Municipio de San Juan en el caso de San Miguel & Cía. v. Diez de Andino, Tes., ante.

Resulta forzoso concluir que la imposición del arbitrio de construcción a Levy, mediante la Ordenanza Núm. 30, serie 1994-95, del Municipio de Manatí, es contrario al estado de Derecho prevaleciente en Puerto Rico hasta el 6 de septiembre de 1996. La doble tributación por medio de arbitrios municipales, de artículos de construcción de obra, estaba prohibida por el Código de Rentas Internas. Levy tiene razón.

Sólo a partir del 6 de septiembre de 1996 podía el Municipio de Manatí imponer arbitrios de construcción basados en el costo total de la obra según definido en la Ley de Arbitrios Municipales, pues el legislador definió claramente ese concepto sin excluir del mismo el costo de los materiales de construcción.[13] Antes de esa fecha los municipios sólo podían imponer arbitrios razonables sobre el costo de la obra, excluyendo del mismo cualquier partida

---

[13] De hecho, la Ley de Municipios Autónomos, en su Art. 1.003, según enmendado en 1996, 21 L.P.R.A. sec. 4001, aclara, expresamente, que a partir de dicha enmienda no existe impedimento a una doble tributación sobre esta área en Puerto Rico. Es así, pues la ley ordena que "[e]sta contribución [el arbitrio de construcción municipal] se considerará un acto separado y distinto a un objeto o actividad o cualquier renglón del objeto o actividad, que no priva o limita la facultad de los municipios para imponer contribuciones, arbitrios, impuestos, licencias, derechos, tasas y tarifas. La imposición de un arbitrio de construcción por un municipio constituirá también un acto separado y distinto a [cualquier] imposición contributiva que imponga el Estado, por lo cual ambas acciones impositivas serán compatibles."

sobre    la    cual    hubiese    recaído    la    imposición    de
contribuciones estatales.

Procede, por lo tanto, declarar que la imposición del
arbitrio municipal sobre la obra de construcción de Levy
basadas en el costo total de la obra sin exclusión de los
costos de materiales de construcción es contraria a la ley
en vigor al momento de la celebración del contrato entre
las partes.[14] Sólo procede el cobro de arbitrios sobre el
costo de la obra de construcción <u>excluyendo</u> del mismo las
partidas sobre las que ya hubiese recaído el cobro estatal
de contribuciones.

---

[14] Según la Ley de Municipios Autónomos, en su Art. 2.002,
21 L.P.R.A. sec. 4052, "[t]oda obra de construcción dentro
de los límites territoriales de un municipio [...] deberá
pagar arbitrio de construcción correspondiente, previo al
comienzo de dicha obra.

En estos casos, se pagarán dichos arbitrios al
municipio donde se lleve a cabo dicha obra previo a la
fecha de su comienzo. [...]

Tanto la Administración de Reglamentos y Permisos como
la Oficina de Permisos Municipal, en el caso de municipios
autónomos, no podrán otorgar permisos de construcción a
ninguna obra a ser realizada a un municipio que no cumpla
con los requisitos impuestos en esta sección. [...]

<u>El arbitrio de construcción municipal será el vigente
a la fecha de cierre de la subasta debidamente convocada o
a la fecha de la adjudicación del contrato para aquellas
obras de construcción que no requieran subastas.</u> [...]"
(Énfasis suplido).

Por otro lado, el Art. 18 de la Ley Orgánica de ARPE,
23 L.P.R.A. sec. 71q, dispone que la "Administración no
expedirá permiso de construcción sin haber exigido al
solicitante prueba de que ha satisfecho los arbitrios
municipales correspondientes a la construcción, impuestos
por o que impongan los municipios."

Por los fundamentos antes expuestos procede revocar la sentencia del Tribunal de Circuito de Apelaciones que validó la imposición del arbitrio de construcción según la Ordenanza Núm. 30, serie 1994-95, del Municipio de Manatí, devolviéndose el caso al Tribunal de Primera Instancia para que determine qué parte del arbitrio impuesto por el Municipio de Manatí sobre la obra de Levy recayó sobre los materiales de construcción que ya habían sido objeto de tributación estatal. Esta porción no podrá ser cobrada por el Municipio de Manatí como parte del arbitrio.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


**Francisco Levy, Hijo, Inc.**

    Apelante

      vs.                                     AC-99-28      APELACIÓN

Municipio de Manatí

    Apelado


**SENTENCIA**

**San Juan, Puerto Rico, a 12 de junio de 2000**


**Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones que validó la imposición del arbitrio de construcción según la Ordenanza Núm. 30, serie 1994-95, del Municipio de Manatí, y se devuelve el caso al Tribunal de Primera Instancia para que determine qué parte del arbitrio impuesto por el Municipio de Manatí sobre la obra de Levy recayó sobre los materiales de construcción que ya habían sido objeto de tributación estatal. Esta porción no podrá ser cobrada por el Municipio de Manatí como parte del arbitrio.**

**Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García no intervino.**


                    **Isabel Llompart Zeno**
                 **Secretaria del Tribunal Supremo**